[L. A. No. 1683. In Bank.—February 21, 1907.]

## H. M. CROSSMAN, Appellant, v. VIVIENDA WATER COMPANY, Defendant; STOCKHOLDERS, Respondents.

CORPORATIONS—VOLUNTARY DISSOLUTION—FALSE STATEMENT AS TO INDEBTEDNESS — JURISDICTION TO DECREE DISSOLUTION. — Where the proceedings for the voluntary dissolution of a corporation were in full accord with the provisions of sections 1227-1233 of the Code of Civil Procedure relating thereto, an alleged false statement in the application that all claims and demands against the corporation had been satisfied and discharged is not a matter going to the jurisdiction of the court to decree the dissolution; but the question as to the truth of this allegation was, so far as the dissolution proceeding was concerned, one solely for the determination of the court to which the application was made, and which found it to be true.

ID.—FRAUD UPON COURT—COLLATERAL ATTACK—ACTION BY CREDITOR AGAINST DISSOLVED CORPORATION.—If it be assumed that the allegation was false in fact, and was a fraud upon the court, the decree

of dissolution cannot be collaterally attacked on that ground in an action by a creditor to enforce its claim in a suit against the dissolved corporation, in which it is not sought directly to set aside the decree on the ground of fraud.

ID.—CONSTITUTIONALITY OF PROCEEDINGS FOR DISSOLUTION.—The code provisions in the matter of the voluntary dissolution of corporations are not unconstitutional on the ground that the only notice required is by publication, and that the opportunity of creditors to recover is thereby restricted, and the obligation of contracts thereby impaired. The debts of the corporation are not vacated by its dissolution. In the absence of statute, equity treats the surviving assets as a trust fund for creditors and stockholders; and the obligation of contracts survives the dissolution of the corporation as effectually as in the case of the death of a private person.

ID.—ADMINISTRATION OF ASSETS AFTER DISSOLUTION.—The provision for the administration of assets of a dissolved corporation in this state is regulated by section 400 of the Civil Code, providing that ''Unless other persons are appointed by the court, the directors or managers of the affairs of a corporation at the time of its dissolution are trustees of the creditors and stockholders or members of the corporation dissolved, and have full power to settle the affairs of the corporation.'' This provision is applicable in all cases of dissolution, whether voluntary or involuntary.

ID.—EFFECT OF DISSOLUTION UPON ACTION AGAINST DISSOLVED CORPORATION—VOID JUDGMENT.—There being no statute in this state to the contrary, the effect of the dissolution of a corporation is to terminate its existence as a legal entity, and render it incapable of suing or being sued as a corporate body or in its corporate name. There is no one who can appear and act for it; and all actions against it are abated, and any judgment attempted to be given against it is void, as much so as if it had been rendered against a dead natural person.

ID.—REMEDY AFTER DISSOLUTION.—The remedy of a creditor after the dissolution of a corporation in this state is against the directors who continue such at the time of its dissolution and the stockholders.

ID.—VOID JUDGMENT COLLATERALLY IMPEACHABLE.—A void judgment against a dissolved corporation may be collaterally impeached, and its invalidity shown by any one interested either as creditor or stockholder to participate in its assets, or a stockholder liable for its debts. In the absence of circumstances operating as an estoppel upon them to assert such invalidity they should be allowed so to do for their own protection.

ID.—MOTION BY STOCKHOLDERS TO VACATE VOID JUDGMENT.—Stockholders, not estopped from doing so, may appear in the action in which a void judgment was rendered against a dissolved corporation at suit of a creditor commenced after its dissolution, to move to vacate such void judgment, and where such motion was made within six months after the entry of the judgment it was not too late, assum-

ing that the provision of section 473 of the Code of Civil Procedure
is applicable to a case of this character.

APPEAL from an order of the Superior Court of San Bernardino County granting a motion of the stockholders of the Vivienda Water Company to set aside a judgment against it in favor of appellant. Frank F. Oster, Judge.

The facts are stated in the opinion of the court.

Ezra Crossman, and Works, Lee & Works, for Appellant.

Flint & Barker, and Shirley C. Ward, for Respondents.

ANGELLOTTI, J.—This action was commenced in the year 1894 against the defendant, alleged to be a corporation, for an accounting and the recovery thereon of some $33,250, and also against certain persons alleged to be stockholders therein, to recover from them their proportionate shares of the amount sought from the corporation. Summons was served on respondent J. F. Holbrook, as president of the corporation, and he acknowledged service as president. What purported to be a demurrer on the part of the corporation and certain other defendants was served and filed on August 27, 1894, by an attorney assuming to act for such parties. This demurrer was overruled, and on February 1, 1895, an answer was filed by all of said stockholder defendants, in which, besides denying the facts alleged in the complaint as to liability on the part of the alleged corporation, said defendants denied the existence of the corporation since December 27, 1893, alleging that on the last-mentioned day, by a proceeding under title VI of part III of the Code of Civil Procedure (secs. 1227-1233), relating to the voluntary dissolution of corporations, said corporation was by the superior court of Los Angeles County duly declared to be dissolved, and had not since existed as a corporation. No answer was made for the corporation. On December 2, 1896, the entry of the default of the corporation was made under direction of plaintiff, and on December 4, 1896, judgment thereon was entered by the clerk against the corporation for the full amount claimed, with interest. A motion to set aside this judgment against the corporation was made by the defendant stockholders on various grounds,

CL Cal.—37

and this motion was granted by the superior court on December 11, 1899. An appeal was taken by plaintiff to this court from the order granting such motion, and on June 16, 1902, that order was affirmed. The only ground of the motion considered here was that the clerk had no power to enter the judgment in the absence of an order of the court, and it was held that this claim was well based, the action being primarily for an accounting. (*Crossman* v. *Vivienda Water Co.*, 136 Cal. 571, [69 Pac. 220].) On December 23, 1899, plaintiff dismissed the action as to all of the defendants except the alleged corporation. On December 22, 1902, an order was made in the lower court appointing a referee to take an accounting between plaintiff and the corporation, and this referee presented his report to the court, and on November 3, 1903, judgment was given by the court in favor of the plaintiff against such alleged corporation for $28,221.25 and costs. All of these proceedings were had without the participation of any one purporting to represent the corporation, and without any notice to any one. Respondents here, the original stockholders defendant herein, had no knowledge of any of these proceedings until they were served with a supplemental complaint in another action pending against them as stockholders, which complaint alleged the recovery of this judgment against the corporation, and the inability of plaintiff to discover property of the corporation from which the same could be satisfied. Respondents thereupon gave notice of a motion to be made February 8, 1904, to set aside the judgment upon the ground, among others, that the court had no jurisdiction to give the same, for the reason that, prior to the institution of the suit, the corporation had been dissolved and had ceased to exist. They also moved that the default and order appointing a referee be set aside for the same reason. On March 30, 1904, the court made an order setting aside and vacating the judgment upon this ground, and the appeal before us is one taken by plaintiff from this order.

The record shows that the corporation was dissolved and had ceased to exist several months before the commencement of the action. The proceedings for dissolution were in full accord with the provisions of our law relative to voluntary dissolution of corporations (Code Civ. Proc., secs. 1227-1233). It is suggested that the court making the decree of dissolution

was without jurisdiction of the proceedings because of an alleged false statement in the application for dissolution to the effect that all claims and demands against the corporation had been satisfied and discharged. This is not a matter going to the jurisdiction. The question as to the truth of this allegation was, so far as the dissolution proceeding was concerned, one solely for the determination of the court to which the application was made, and that court found that the allegation was true. (Code Civ. Proc., secs. 1228, 1232.) Even if we assume here that the allegation was false in fact, the jurisdiction of the court in the dissolution proceeding would in no degree be affected. In reply to what is said by appellant as to a fraud being committed upon the court in that matter, it is sufficient to say that this is not an action to set aside the decree of dissolution on the ground of fraud, and that such decree is not collaterally assailable upon that ground.

The decree of dissolution sufficiently shows legal notice of the hearing of the application to have been given.

There is nothing in the point made to the effect that our code sections, in the matter of voluntary dissolution of corporations, are unconstitutional, in that the only notice required is by publication, and the opportunity of creditors to recover is thereby restricted and the obligation of contracts is therefore impaired. We see no reason to doubt the legal sufficiency of the provisions as to notice. It is well settled that statutory provisions for the voluntary dissolution of corporations are not violative of the constitutional inhibition against the impairment of the obligation of contracts. The universally accepted modern doctrine is that the debts of a corporation are not vacated by its dissolution. In the absence of statute, equity treats the surviving assets as a trust fund for the creditors and stockholders, and enables the beneficiaries to reach the same by appropriate procedure. In *Mumma* v. *Potomac Co.*, 8 Pet. 281, it was said by the supreme court of the United States: "We are of opinion that the dissolution of the corporation, under the acts of Virginia and Maryland, . . . cannot, in any just sense, be considered, within the clause of the constitution of the United States on this subject, an impairing of the obligation of the contracts of the company by those states, any more than the death of a private person can be said to impair the obligation of his contracts. The obligation

of those contracts survives, and the creditors may enforce their claims against any property belonging to the corporation which has not passed into the hands of *bona fide* purchasers, but is still held in trust for the company or for the stockholders thereof, at the time of its dissolution, in any mode permitted by the local laws." The matter is now generally covered by statute. Where there is no statute providing for the continuance of the corporation itself for the purpose of settling its affairs, provision is generally made for the doing of this by others. We have such a provision in this state. Section 400 of the Civil Code provides: "Unless other persons are appointed by the court, the directors or managers of the affairs of a corporation at the time of its dissolution are trustees of the creditors and stockholders or members of the corporation dissolved, and have full power to settle the affairs of the corporation." This provision is applicable in all cases of dissolution, whether voluntary or involuntary. (*Havemeyer* v. *Superior Court*, 84 Cal. 327, 365, [18 Am. St. Rep. 192, 24 Pac. 121]; *State I. and I. Co.* v. *Superior Court*, 101. Cal. 135, 148, [35 Pac. 549].)

It is settled beyond question that, except as otherwise provided by statute, the effect of the dissolution of a corporation is to terminate its existence as a legal entity, and render it incapable of suing or being sued as a corporate body or in its corporate name. It is dead, and can no more be proceeded against as an existing corporation than could a natural person after his death. There is no one who can appear or act for it, and all actions pending against it are abated, and any judgment attempted to be given against it is void. As to this, all the text-writers agree, and their statement is supported by an overwhelming weight of authority. (See 5 Thompson on Corporations, secs. 6721, 6722, 6723; Clark & Marshall on Private Corporations, secs. 322, 329; Angell & Ames on Corporations, sec. 195; 2 Morawetz on Corporations, sec. 1031; 10 Cyc., p. 1316; 7 Am. & Eng. Ency. of Law, p. 854; *Pendleton* v. *Russell*, 144 U. S. 640, [12 Sup. Ct. 743]; *First National Bank* v. *Colby*, 21 Wall. 609; *Mumma* v. *Potomac Co.*, 8 Pet. 281; *Sturges* v. *Vanderbilt*, 73 N. Y. 384; *Rodgers* v. *Adriatic etc. Co.*, 148 N. Y. 38, [42 N. E. 515].) There is no statute of this state that authorizes the commencement or continuance of an action against the corporation after its legal

death.  We have no statute similar to that of several states,
providing that in the event of the dissolution of a corporation
its existence shall be continued either indefinitely or for a
specified time for the settlement of its affairs.  Statutes sim-
ilar to our section 400 of the Civil Code above quoted do not
have the effect of continuing the existence of the corporation
as *cestui que trust,* or otherwise, so as to render it capable of
defending actions in its corporate name.  (Thompson on Cor-
porations, sec. 6739; Clark & Marshall on Private Corpora-
tions, sec. 333; *Sturges* v. *Vanderbilt,* 73 N. Y. 384.)    If
section 385 of the Code of Civil Procedure, providing that an
action does not abate by the death or any disability of a party,
if the cause of action survives, is applicable to the case of a
corporation, it does not authorize the continuance of the action
against the corporation itself, but allows the action to be con-
tinued only against the "representative or successor in inter-
est," brought in on motion.  (*McCulloch* v. *Norwood,* 58 N. Y.
562, 568.  See, also, *Judson* v. *Love,* 35 Cal. 463.)    There
being no statute which can be held to modify the general
rule, it would seem that the judgment in this case was as
much of a nullity as if it had been given against a dead
natural person, and that plaintiff's remedy, after the dis-
solution of this corporation, was against the directors
who continued such at the time of dissolution as trustees
and the stockholders.    (*Sturges* v. *Vanderbilt,* 73 N. Y.
384.)

There can be no serious doubt that such a void judgment
can be collaterally impeached and its invalidity shown by
any one interested, such as one entitled either as creditor or
stockholder to participate in the assets of the corporation,
or a stockholder liable for the debts of the corporation.  In
the absence of circumstances operating as an estoppel upon
them to assert such invalidity, they should be allowed to so
do for their own protection.  In *Sturges* v. *Vanderbilt,* 73
N. Y. 384, a judgment given against a corporation which had
been dissolved pending the action was held void in an action
brought to compel stockholders of the company to apply cer-
tain moneys received by them from the assets of the company
to the payment of such judgment.  In *McCulloch* v. *Norwood,*
58 N. Y. 562, 568, the receiver of a defunct corporation was
allowed to show such invalidity of the judgment rendered

against the corporation after its dissolution, in a proceeding brought to subject assets in his hands to the satisfaction thereof. The same is true of *Pendleton* v. *Russell,* 144 U. S. 640, [12 Sup. Ct. 743]. Such a judgment, it has been held, will be reversed on a writ of error brought by a member of the corporation whose property has been levied upon under an execution issued to enforce the same. (*Merrill* v. *Suffolk Bank,* 31 Me. 57, [1 Am. Rep. 649]; Thompson on Corporations, sec. 6725.) We know of no good reason why such a person may not be permitted to appear in the original action against the corporation, and there assert his claim. As said in *Combes* v. *Keyes,* 89 Wis. 297, [46 Am. St. Rep. 839, 62 N. W. 89], "from the very nature of things the dissolution or death of a corporation defendant, like the death of a party to a pending action, can only be brought to the attention of the court by some one other. than the defunct corporation." In *First National Bank* v. *Colby,* 21 Wall. 609, it was held that the application of the receiver of such a corporation for a discharge of an attachment issued against the corporation should have been granted, although he was not a party to the action. And on the former appeal in this. case, it was held in affirming the order made on the motion of the respondents here, vacating the former judgment against the Vivienda Water Company, upon the ground that the same was void for want of power in the clerk to enter it, that the respondents had such interest as entitled them to make the motion. The court said: "These defendants were not only successors in interest of the property involved, but were liable as stockholders for any valid judgment against the corporation. As stockholders they were made parties defendant to recover from them a judgment covering the same liability for which the corporation was sued. If this judgment should stand, we do not see why under some circumstances it might not fix by that much the stockholders' liability, and if this be true they were directly interested in the judgment. But it has been held by this court that one who succeeds to property that is subject to a judgment may appear to have it vacated, though he was not a party to the judgment." We regard this as decisive here. The fact that the action has now been dismissed as to respondents is immaterial. They were not parties to the judgment on the former appeal.

There is nothing in the record which would justify a conclusion that these respondents are estopped from asserting the invalidity of the judgment against the alleged corporation. Their verified answer, filed February 1, 1895, in terms denied the existence of the corporation, and alleged its dissolution, as has already been seen, and there was no subsequent act upon the part of any of them tending to contradict this. This answer, filed almost at the very commencement of the action, entirely overcame any effect in the direction of an estoppel on respondents that might have been contended for the prior filing of a demurrer on the part of the corporation by an attorney and the prior acceptance of service of summons by respondent Holbrook as president of the corporation. It should be noted in this connection that there was a sufficient showing made on the hearing of the motion to warrant the conclusion that the attorney filing the demurrer included the corporation as a demurrant inadvertently and without being authorized to do so.

So far as the dead corporation itself is concerned, there could be no admission or estoppel. It could not be served with process, could not appear, could not itself admit anything, nor authorize any one else to do so for it. It was legally dead. The proceedings against it must be held to be an absolute nullity whenever it is made to appear that it had ceased to be prior to the commencement of the action, and those sufficiently interested to be allowed to assail the judgment on this ground cannot, unless estopped by their own acts or omissions, be held bound by any unauthorized appearance or admission attempted to be made on behalf of the dead corporation, or by the entry of the default of such a corporation attempted to be made in such action.

The motion to vacate the judgment did not come too late, even if it be assumed that the provisions of section 473 of the Code of Civil Procedure as to the time within which relief can be granted are applicable to a case of this character. The application was made within six months of the date of entry of judgment, the time prescribed in that section for the making of application for relief. Whether or not it was then too late to obtain in the action an order setting aside the default is immaterial. It is enough for all the purposes of this appeal that the judgment was void for the reason that it was given

against a corporation that had become legally dead, and that the application for the vacating of this judgment was made within six months of its entry.

The order appealed from is affirmed.

Shaw, J., Sloss, J., McFarland, J., Henshaw, J., and Lorigan, J., concurred.