[S. F. No. 5896.  Department Two.—December 20, 1912.]

E. W. NEWHALL, Respondent, v. WESTERN ZINC MINING COMPANY (a Corporation), Respondent; I. W. LEVY (a stockholder of the said Corporation), Appellant.

CORPORATION—NONPAYMENT OF LICENSE-TAX—FORFEITURE OF CHARTER —TERMINATION OF EXISTENCE—NONLIABILITY TO SUIT—VOID JUDGMENT—STOCKHOLDER MAY AVOID.—A corporation organized under the laws of California for profit, whose franchise and charter have been forfeited for noncompliance with the act of March 20, 1905, requiring the payment of an annual license-tax, ceases to have a corporate existence and cannot be sued, and a judgment obtained against it is void and may be impeached at the instance of a stockholder therein, who intervenes in the action in which the judgment was rendered for the purpose of expunging it from the records.

ID.—JUDICIAL DETERMINATION NOT ESSENTIAL TO FORFEITURE.—The forfeiture provided for by that act is not dependent upon judicial determination and decree, but is self-acting and operating.

ID.—SHOWING BY STOCKHOLDER—ACCRUAL OF CORPORATE LIABILITY— CORPORATE ASSETS.—In such intervention proceeding by the stockholder, it is not necessary that he should show that he was a stock-

holder at the time the liability upon which the judgment was obtained against the corporation accrued, nor the fact that the corporation had assets.

ID.—ESTOPPEL BY STOCKHOLDER—ANSWER BY FORMER DIRECTOR.—Such stockholder is not estopped from complaining of such judgment, by reason of the fact that one of the former directors of the defunct corporation, who became under the provisions of that act the trustees to wind up its corporate affairs, filed an answer in the action admitting the corporate existence of the defendant.

ID.—DIRECTORS AS TRUSTEES OF CORPORATION—CANNOT ANSWER IN NAME OF CORPORATION.—Such act authorizes the directors, and not one of·them, to act as trustees. It empowers them as trustees to sue and be sued but not to answer suits in the name of the defunct corporation.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing to set aside a judgment. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Joseph C. Meyerstein, for Appellant.

Thomas, Gerstle, Frick & Beedy, and Thomas, Frick & Beedy, for Plaintiff and Respondent.

Francis V. Keesling, for Defendant and Respondent.

HENSHAW, J.—On the fourth day of March, 1909, plaintiff, as assignee of certain claims for goods sold and delivered to the Western Zinc Mining Company, a corporation, commenced his action against this corporation upon these claims. The complaint was verified and contained the usual and appropriate averment of the corporate existence and capacity of the defendant. On the twenty-fourth day of March, 1909, what purported to be the answer of the corporation was filed. This answer was verified by one P. A. Brangier, declaring himself to be a director of the defendant. The answer admitted, by failing to deny, the averment in the complaint touching the corporate capacity of the defendant. Subsequently the action was tried by the court sitting without a jury, and on the eighth day of April, 1910, the court gave judgment in favor of the plaintiff and against the defendant

for the sum of $24,193.80. On the twenty-sixth day of September, 1910, I. W. Levy entered his appearance in the action and gave notice of his intended motion to set the judgment aside. The motion was made and was by the court denied. In support of the motion it is established by affidavit of the moving party that he was during all the period of time involved in the action and still is a stockholder of the defendant corporation; that the corporation was organized and had existed under the laws of the state of California as a corporation for profit; that the corporation had not paid the annual license-tax required by law to be paid by such corporations for the fiscal year commencing July 1, 1908, and that on the thirtieth day of November, 1908, it had forfeited its charter to the state and had ceased to exist as a corporation.

None of these facts is controverted or denied. I. W. Levy, the moving party and appellant herein, contends upon these admitted facts that it was the clear duty of the court to have granted his motion. That a corporation whose charter has been forfeited cannot be sued, that a judgment obtained against such corporation is void and may be impeached at the instance of a stockholder of such corporation, are legal propositions conclusively settled in favor of appellant's contention by *Crossman* v. *Vivienda Water Co.*, 150 Cal. 575, [89 Pac. 335]. True that in the Crossman case there had been a dissolution of the corporate existence by judicial decree. But there can be no legal distinction between such a termination of corporate existence and the termination by forfeiture of franchise and charter under the act of March 20, 1905, and the amendments thereto. For that act clearly and unmistakably declares and provides for a forfeiture not dependent upon judicial determination and decree, but a forfeiture which is self-acting and operating. The language of the act does not even permit a doubt upon this question. It not only declares the day and the hour when the forfeiture shall arise, but it makes it a penal offense for any officer or agent thereafter to exercise any corporate powers on behalf of the corporation and, finally, it provides that the winding up of the corporate affairs is imposed upon the directors or managers of the corporation who "are deemed to be trustees of the corporation and stockholders or members of the corporation whose power or right to do business is forfeited." These .

trustees and not the corporation may sue or "may be sued in any of the courts of this state by any person having a claim against said corporation."

As little doubt can be entertained of the stockholder's right to intervene for the purpose of expunging from the records such a void judgment against the corporation. Respondents urge that in this instance the stockholder does not show that he is a party interested, or, if interested, that his interests are liable to injury by reason of the judgment. In this respect it is argued that the stockholder does not show that he was a stockholder at the time that the liability upon which the judgment was obtained against the corporation accrued, and that if he were not a stockholder at such time no stockholder's liability was cast upon him. Further, that an execution upon the judgment had been returned unsatisfied, and it is said that the stockholder has failed to show by his affidavit that the corporation has acquired any assets since the date of the entry of the judgment. But in answer to this, suffice it to say that it was not incumbent upon the stockholder to show any of these things, any more than it was incumbent on him to plead the negative of an estoppel. A stockholder is interested in any judgment obtained against his corporation, and that interest is not dependent upon his stockholder's liability for that judgment, nor upon the existence or nonexistence of corporate assets. Even if the judgment could not be made the basis of proceedings against the stockholder, it would serve to reduce the assets of the corporation, and consequently the value of the stockholder's shares if at any time the corporation should acquire assets.

We can perceive no force to the argument that the appellant is estopped from complaining of the judgment. Herein it is said that as the directors are made trustees of the defunct corporation, and as the corporate answer was filed by one of these directors or trustees, it results that the stockholder's own trustee filed the answer in this case and that this director or trustee having defended the action and having admitted the corporate existence of the defendant, the stockholders are bound by this action. But to this it must be replied that the law authorizes the directors, and not one of them, to act as trustees. It empowers them as trustees to sue and be sued, but not to answer suits in the name of the defunct corpora-

tion. Brangier's answer was, therefore, not only without authority of law, but in direct violation of the law. And, finally, if, notwithstanding these plain violations of the law, assent be given to the statement of respondent that "the business of the Western Zinc and Mining corporation was continued by defending this suit in its name, it must inevitably result that the trustee who thus did continue the business of the Western Zinc Mining Company not only did so in violation of his powers and of the express mandate of the statute, but made himself criminally liable for his conduct, under section 9 of the amended act.

The order appealed from is, therefore, reversed.

Melvin, J., and Lorigan, J., concurred.