[L. A. No. 3279. In Bank.—July 15, 1913.]

T. S. C. LOWE et al., as Trustees of Los Angeles Suburban Gas Company, Petitioners, v. SUPERIOR COURT OF THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, and CURTIS D. WILBUR, One of the Judges Thereof, Respondents.

CORPORATION — DISSOLUTION — TERMINATION OF EXISTENCE—GENERAL RULE AS TO ABATEMENT OF PENDING ACTIONS.—Except as otherwise provided by statute, the effect of the dissolution of a corporation is to terminate its existence as a legal entity, and render it incapable of suing or being sued as a corporate body or in its corporate name. There is no one who can appear or act for it, and all actions pending against it are abated, and any judgment attempted to be given against it is void.

ID.—FORFEITURE FOR FAILURE TO PAY LICENSE-TAXES—PENDING ACTIONS DO NOT ABATE SINCE AMENDMENT OF MARCH 20, 1907, TO ACT OF 1905.—The amendment of March 20, 1907 (Stats. 1907, p. 745) to section 10a of the act of March 20, 1905, which provides that in the event of the forfeiture of the franchise and charter of a corporation for nonpayment of license-taxes, "no action pending against any corporation shall abate thereby, but may be prosecuted to final judgment the same may be enforced by execution with the same force and effect and in like manner as though no forfeiture had occurred," should be construed as providing that any action included within its meaning shall not abate by reason of such forfeiture, but may be continued and prosecuted in its corporate name to final judgment, the control and management of the action so far as the

corporate interests are concerned being in the directors or managers in office at the time of the forfeiture, they being the trustees of the corporation and stockholders or members. While doubtless such trustees may properly be substituted as parties defendant, such substitution is not essential to a continuance of the action.

Id.—Cross-complaint Filed After Forfeiture in Action Then Pending.—Such amendment is applicable to, and warrants the granting of relief upon, a cross-complaint in an action pending against a corporation at the time of the forfeiture, notwithstanding the cross-complaint was not filed until after the forfeiture occurred, and the only relief granted in the action was upon the cross-complaint.

Id.—Effect of Filing Cross-complaint—Meaning of Word "Action" as Used in Amendment.—The filing of a cross-complaint, although for some purposes treated as the commencement of a new action, is a proceeding in the action commenced by the filing of the plaintiff's complaint which is expressly authorized by statute, the design of the statute being to enable all matters in dispute between the parties relating to or depending upon the contract or transaction upon which the action is brought, or affecting the property to which the action relates," to be determined in a single action, and by a single judgment which shall give to a defendant seeking it such affirmative relief as he is entitled to. It must be assumed that the word "action" was used in the amendment in the sense in which it is used in the section of the Code of Civil Procedure, and with the meaning ordinarily attributed to it when used in connection with legal proceedings.

Id.—Insufficiency in Service of Cross-complaint—Appearance and Conduct of Action by Directors.—Where the directors of the corporation in office at the time of the forfeiture presented amended answers both to the complaint and the cross-complaint in such action, in the name of the corporation, by their attorney employed by them to represent the corporation in the action, and controlled and managed the defense throughout, any question of insufficiency of service of the cross-complaint became immaterial.

APPLICATION for a Writ of Prohibition directed to the Superior Court of Los Angeles County. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Oscar A. Trippet, and John E. Biby, for Petitioners.

Porter & Sutton, for Respondents.

ANGELLOTTI, J.—This is an original proceeding in prohibition to restrain respondents from further proceedings in pursuance of or for the enforcement of a judgment given, made and entered in April, 1912, in an action wherein one William G. Gallagher was originally plaintiff, Leon P. Lowe having been substituted as plaintiff during the trial, and the Los Angeles Suburban Gas Company, a corporation, Caroline W. Dobbins, and many others were defendants. An alternative writ of prohibition was issued. The matter has been submitted for decision upon the petition and a stipulation as to certain facts, and also upon the transcript on an appeal by said petitioners from an order refusing to set aside said judgment based upon the same grounds as the application for prohibition. (*Leon P. Lowe, substituted for William G. Gallagher, plaintiff,* v. *Los Angeles Suburban Gas Co. et al., defendants,* L. A. No. 3323.)

The claim of petitioners is generally that the judgment referred to is void as to the Los Angeles Suburban Gas Company, for the reason that the charter of said alleged corporation was forfeited on November 30, 1907.

The material allegations are as follows: Up to November 30, 1907, defendant Los Angeles Suburban Gas Company was a corporation organized and existing under the laws of the state of California. The action of Gallagher against said corporation et al. was commenced on December 3, 1906. It was an action brought by the plaintiff for the benefit of himself and all other holders of bonds of said corporation secured by a certain mortgage or deed of trust executed to the California Bank, to enforce payment of said bonds. The issue so secured was alleged to include six hundred bonds, each for the sum of five hundred dollars, of which the plaintiff alleged he owned one hundred and twenty. Defendant Caroline W. Dobbins was alleged to be the owner of one hundred of such bonds. The bonds were alleged to be due on account of default in the payment of interest. On January 14, 1907, defendant Dobbins filed her answer, setting up her claim of ownership of one hundred of said bonds, and asking that if the mortgage or trust-deed be foreclosed, she be paid her due proportion of the net proceeds. On January 21, 1907, the Los Angeles Suburban Gas Company filed its answer, the same being signed by C. S. Foltz as attorney for said defendant. On November

30, 1907, for failure to pay the tax for the fiscal year commencing July 1, 1906, required to be paid by the act of March 20, 1905, generally known as the corporation license-tax act (Stats. 1905, p. 493), its charter was forfeited and it ceased to be a corporation. (See *Newhall* v. *Western Zinc Min. Co.*, 164 Cal. 380, [128 Pac. 1040].) On that date the directors of said corporation were the three petitioners (T. S. C. Lowe, L. P. Lowe, and S. C. Lowe), and Thaddeus Lowe and Lynn Helm. On December 2, 1907, defendant Dobbins filed her cross-complaint, setting up her claim as to her one hundred bonds, and seeking enforcement thereof with all others of said issue. The only attempted service of this cross-complaint was on said T. S. C. Lowe, who previous to the dissolution of the corporation was its president. C. S. Foltz, attorney of record for such corporation, filed an answer to the cross-complaint. Subsequently Oscar A. Trippet, Esq., was substituted for said C. S. Foltz as attorney for said corporation. This substitution was made on the written request and consent of said T. S. C. Lowe. Said L. P. Lowe employed said Trippet to represent said corporation. Amended answers on behalf of said corporation were filed both to the complaint and cross-complaint, the amendments to the answer to the cross-complaint being verified by L. P. Lowe. The deposition of said T. S. C. Lowe was taken on behalf of said corporation, the same having annexed thereto the affidavit of said L. P. Lowe for the taking thereof. Subsequently the action was tried, Mr. Trippet representing said corporation. Said L. P. Lowe and S. C. Lowe were present during all of the trial, and testified on behalf of said corporation. Said L. P. Lowe consulted and advised with Mr. Trippet relative to the defense of the action, and directed the defense of the action. The deposition of said T. S. C. Lowe was read in evidence on behalf of defendant. The other directors, Thaddeus Lowe and Lynn Helm, were present at the trial, and testified on behalf of the cross-complainant. Four thousand nine hundred and ninety-five shares of the five thousand shares of said corporation have been owned at all times during the pendency of this action by one of three other corporations, all of which are parties defendant to this action, the other five shares being held by the trustees.

On February 5, 1912, Judge Wilbur filed his written opinion, the same being in favor of cross-complainant and against

the plaintiff and the other defendants. Mr. Trippet subsequently learned that the corporation's charter had been forfeited, and notified the trial court and the attorneys for defendant Dobbins thereof. Nevertheless the court signed and filed its decision in writing (findings of fact and conclusions of law) and judgment was entered thereon on April 9, 1912. By the judgment it was decreed that plaintiff take nothing by his action; that the bonds held by him are invalid and void; that all bonds issued by said company except the one hundred bonds held by defendant and cross-complainant Dobbins are invalid and void; that she is entitled to an enforcement of the mortgage or trust-deed for the payment of the amount due on her bonds, being $78,684, that the property be sold by the sheriff to pay the same and costs, and that a personal judgment be docketed against said company for any deficiency after such sale.

In *Crossman* v. *Vivienda Water Co.*, 150 Cal. 575, 580, [89 Pac. 335, 337], it was said: ''It is settled beyond question that, except as otherwise provided by statute, the effect of the dissolution of a corporation is to terminate its existence as a legal entity, and render it incapable of suing or being sued as a corporate body or in its corporate name. It is dead, and can no more be proceeded against as an existing corporation than could a natural person after his death. There is no one who can appear or act for it, and all actions pending against it are abated, and any judgment attempted to be given against it is void. As to this all the text-writers agree, and their statement is supported by an overwhelming weight of authority.'' This was approved in *Newhall* v. *Western Zinc Co.*, 164 Cal. 380, [128 Pac. 1040], where it was further said: ''True that in the Crossman case there had been a dissolution of the corporate existence by judicial decree. But there can be no legal distinction between such a termination of corporate existence and the termination by forfeiture of franchise and charter under the act of March 20, 1905, and the amendments thereto.''

As is apparent from the quotation from *Crossman* v. *Vivienda Water Co.*, 150 Cal. 575, [89 Pac. 335], the rule there declared is the rule ''except as otherwise provided by statute.'' It was further decided therein that there was at that time no statute of this state that authorized the commencement

or continuance of an action against the *corporation* after its legal death, it being pointed out that statutes similar to our section 400 of the Civil Code, which provides that "unless other persons are appointed by the court, the directors or managers of the affairs of a corporation at the time of its dissolution are trustees of the creditors and stockholders or members of the corporation dissolved, and have full power to settle the affairs of the corporation," does not have the effect of continuing the existence of the corporation as *cestui que trust,* or otherwise, so as to render it capable of defending actions in its corporate name. It was further pointed out that if section 385 of the Code of Civil Procedure is applicable to corporations, it does not authorize the continuance of the action against the corporation itself, but only against its "representative or successor in interest" brought in on motion. Section 385 of the Code of Civil Procedure, so far as material here, provides: "An action or proceeding does not abate by the death, or any disability of a party, . . . if the cause of action survive or continue. In case of the death or any disability of a party, the court, on motion, may allow the action or proceeding to be continued by or against his representative or successor in interest. . . ." By the last clause quoted above, the legislature clearly expressed the condition upon which the pending action might be continued, viz.: the substitution of the representative or successor in interest.

At the time of the decision of the Crossman case (February 21, 1907), the only provision in the act of March 20, 1905, bearing upon this matter was section 10a, added by act approved June 13, 1906 (Stats. Ex. Sess. 1906, p. 22). This section provided that in all cases of forfeiture under the provisions of the act, the directors or managers in office of the affairs of any domestic corporation whose charter may be so forfeited, are deemed to be trustees of the corporation and stockholders or members, with full power to settle the affairs of the corporation, "and to maintain or defend any action or proceeding then pending in behalf of or against any of said corporations," and to take such legal proceedings as may be necessary to fully settle the affairs of the corporation, and that such directors or managers, as such trustees, may be sued by any person having a claim against such corporation. This, in substance, is very similar to section 400 of the Civil Code,

hereinbefore quoted. By act approved March 20, 1907 (Stats. 1907, p. 745), this section was amended by the addition of a proviso which reads as follows: ''Provided always that no action pending against any corporation shall abate thereby, but may be prosecuted to final judgment, the same may be enforced by execution with the same force and effect and in like manner as though no forfeiture had occurred,'' and also by the addition of another proviso which is immaterial here.

It will be observed that the proviso quoted above contains no provision similar to that contained in section 385 of the Code of Civil Procedure, relating to the necessity of substitution of any representative or successor in interest of the corporation. This omission is significant. The cases relied upon by learned counsel for petitioners to the point that statutes like our section 385 of the Code of Civil Procedure, do not authorize the continuance of an action against a corporation in its corporate name after the corporation has been dissolved, are to be considered in connection with the fact that the statute providing that there shall be no abatement, expressly requires substitution of the representative or successor in interest, and thus practically, while expressly permitting a continuance of the action, prescribes a condition upon which it may be so continued. Here we have no such condition expressed, but simply a provision that the action shall not abate, but may be prosecuted to final judgment. We are of the opinion that section 10a of the act, as amended by the addition of the proviso, should be construed as providing that any action included within the meaning of the proviso shall not abate by reason of the forfeiture, but may be continued and prosecuted in its corporate name to final judgment, the control and management of the action so far as the corporate interests are concerned being in the directors or managers in office at the time of the forfeiture, they being the trustees of the corporation and stockholders or members. While doubtless they may properly be substituted as parties defendant, such substitution is not essential to a continuance of the action, as we read the statute. There is nothing in *Newhall* v. *Western Zinc Min. Co.,* 164 Cal. 382, [128 Pac. 1040], in conflict with this view. That was an appeal by a stockholder of a corporation from an order refusing to set aside a judgment against the corporation in its corporate name, in an action

instituted against it several months after it had forfeited its charter to the state and had ceased to exist as a corporation. Such a case, of course, is not within the terms of the proviso. In such a case, this court properly said: "these trustees and not the corporation may sue or 'may be sued in any of the courts of this state by any person having a claim against such corporation.' "

It is claimed that the proviso is not applicable here for the reason that the only relief granted was upon the cross-complaint of defendant-Dobbins, which was not filed until after the forfeiture, the theory being that she instituted a new action by the filing of such cross-complaint, an action not "pending" against the corporation at the time of the forfeiture. We are of the opinion that this claim is based upon an utterly unwarranted construction of the term "action" as used in the proviso and in our statutes, and one that would be productive of much confusion in practice. As a matter of fact there is but one "action" here, that commenced by the filing of Gallagher's complaint on December 3, 1906 (Code Civ. Proc., sec. 405), wherein the corporation, Caroline W. Dobbins and many others were made parties defendant, and it unquestionably was thenceforth and to the time of forfeiture an action pending against such corporation. Any person thus made a defendant was authorized by express provision of statute to set up by cross-complaint in such action his right to affirmative relief against any party to the action, relating to or depending upon the contract or transaction upon which the action was brought, or affecting the property to which the action related (Code Civ. Proc., sec. 442), just as he might in a case provided for by statute set up in his answer a cause of action constituting a counterclaim against the plaintiff (Code Civ. Proc., secs. 437, 438), and as he is compelled to do in certain cases or lose his right of action thereon. (Code Civ. Proc., sec. 439.) The filing of a cross-complaint, although for some purposes treated as the commencement of a new action, is a proceeding in the action commenced by the filing of the plaintiff's complaint which is expressly authorized by statute, the design of the statute being to enable all matters in dispute between the parties "relating to or depending upon the contract or transaction upon which the action is brought, or affecting the property to which the action relates," to be

determined in a single action, and by a single judgment which shall give to a defendant seeking it such affirmative relief as he is entitled to (Code Civ. Proc., sec. 666). It must be assumed that the word "action" was used in the proviso before us in the sense in which it is used in the sections of our Code of Civil Procedure which constitute our Practice Act and with the meaning ordinarily attributed to it when used in connection with legal proceedings. So taken we entertain no doubt that the proviso added to section 10a of the act of March 20, 1905, in 1907, is applicable here, and completely answers the claim of abatement of the action by reason of the forfeiture of the charter of the corporation.

It cannot be questioned, of course, that the matters set forth in the cross-complaint of defendant Dobbins were of such a nature as to entitle her under section 442 of the Code of Civil Procedure, to claim affirmative relief thereof by cross-complaint.

It cannot be disputed in view of the facts that we have hereinbefore set forth, that the directors in office at the time of the forfeiture did in fact present their amended answers both to the complaint and the cross-complaint in the name of the corporation, by their attorney employed by them to represent the corporation in the action, and did control and manage the defense of the action throughout. Any question of insufficiency of service of the cross-complaint is therefore immaterial.

We are of the opinion that not only has no excess of jurisdiction on the part of the superior court been shown, but also that upon the facts appearing there was no error in the refusal of such court to set aside the judgment. The persons charged by law with the control of the defense for the corporation and its stockholders in the event of forfeiture of charter did in fact appear and present such defense with the aid of their learned attorneys who are now prosecuting this proceeding, and there is absolutely nothing to indicate that any right of those interested in the corporation was not fully protected.

The alternative writ of prohibition heretofore issued is vacated and the proceeding dismissed.

Shaw, J., Sloss, J., Lorigan, J., and Henshaw, J., concurred.