[S. F. No. 6529. In Bank.—October 14, 1913.]

## DAVID BRANDON et al., Respondents, v. UMPQUA' LUMBER AND TIMBER COMPANY (a Corporation), Appellant.

CORPORATION—DISSOLUTION OR FORFEITURE OF CHARTER—ABATEMENT OF PENDING ACTIONS.—Unless otherwise provided by statute, the effect of the dissolution of a corporation is to terminate its existence as a legal entity, and render it incapable of suing or being sued as a corporate body or in its corporate name. This effect follows, whether the dissolution has been declared by judicial decree, or results from the statute declaring the forfeiture of the corporate franchise for nonpayment of license-tax.

ID.—FAILURE TO PAY LICENSE-TAX—AMENDMENT OF 1907 TO LICENSE ACT—PENDING ACTIONS DO NOT ABATE THROUGH FORFEITURE.— Since the enactment in 1907 (Stats. 1907, p. 745), of the amendment to section 10a of the Corporation License Act, an action pending against a corporation does not abate by reason of the forfeiture *pendente lite* of the corporate franchise for nonpayment of the license-tax.

ID.—CORPORATION MAY CONTINUE DEFENSE AND PROSECUTE APPEAL.— Such amendment gives the right, in an action against a corporation, to continue the defense, as well as the prosecution, in the corporate name, nothwithstanding a forfeiture of charter pending the action, and such right of defense includes the right to prosecute an appeal in the name of the corporation.

MOTION to dismiss an appeal from a judgment of the Superior Court of Mendocino County, J. Q. White, Judge.

The facts are stated in the opinion of the court.

Mannon & Mannon, for Appellant.

Preston & Preston, for Respondents.

SLOSS, J.—Motion to dismiss appeal. The action was brought in December, 1911, against the Umpqua Lumber and Timber Company, a corporation organized under the laws of this state, to quiet title to certain parcels of land in the county of Mendocino. The corporation answered, setting up a claim to an easement for a railroad right of way over the lands de-

scribed in the complaint.   Judgment in favor of the plaintiffs
was entered on January 2, 1913.   On January 11, 1913, the
attorneys who had appeared for the corporation gave notice
that it appealed from said judgment.   The respondents, pre-
senting a certificate of the secretary of state showing that on
November 30, 1912, prior to the entry of judgment, the de-
fendant corporation had forfeited its corporate charter for
failure to pay its license-tax, moved to dismiss the appeal on
the ground that the forfeiture took away the right of the cor-
poration to give notice of, perfect, or prosecute an appeal.

It is, no doubt, the rule that, unless the statute otherwise
provides, "the effect of the dissolution of a corporation is to
terminate its existence as a legal entity, and render it in-
capable of suing or being sued as a corporate body or in its
corporate name."   (*Crossman* v. *Vivienda Water Co.,* 150
Cal. 575, 580, [89 Pac. 335].)   And this effect follows,
whether the dissolution has been declared by judicial decree,
as in the case of the Vivienda Water Company, or results
from the statute declaring the forfeiture of the corporate
franchise for nonpayment of license-tax.   (*Newhall* v. *West-
ern Zinc M. Co.,* 164 Cal. 380. [128 Pac. 1040].)   It may,
too, be conceded that section 10a, added to the Corporation
License Act in 1906 (Stats. Ex. Sess. 1906, p. 22) providing
that the directors of a corporation forfeiting its charter are
trustees of the corporation and its stockholders, with power
to settle the affairs of the corporation, and to maintain or de-
fend actions pending in favor of or against the corporation,
did not, in its original form, give the trustees authority to
maintain or defend actions in the corporate name.   This pro-
vision is substantially similar to section 400 of the Civil Code,
which was held, in *Crossman* v. *Vivienda Water Co.,* 150 Cal.
575, [89 Pac. 335], to give no such authority.

But section 10a was amended in 1907 (Stats. 1907, p. 745)
by the addition of the following proviso: "Provided always
that no action pending against any corporation shall abate
thereby, but may be prosecuted to final judgment the same
may be enforced by execution with the same force and effect
and in like manner as though no forfeiture had occurred
. . ."   This enactment has been construed by us in the very
recent case of *Lowe* v. *Superior Court,* 165 Cal. 708, [134
Pac. 190], where the court used this language: "We are of

the opinion that section 10a of the act, as amended by the addition of the proviso, should be construed as providing that any action included within the meaning of the proviso shall not abate by reason of the forfeiture, but may be continued and prosecuted in the corporate name to final judgment, the control and management of the action so far as the corporate interests are concerned being in the directors or managers in office at the time of the forfeiture, they being the trustees of the corporation and stockholders or members. While doubtless they may be properly substituted as parties defendant, such substitution is not essential to a continuance of the action, as we read the statute.'' In the case just referred to this court had been asked to issue a writ of prohibition restraining the superior court from enforcing a judgment entered against a corporation after the forfeiture of its charter. The relief sought was denied. The views expressed in the foregoing quotation are decisive of the present motion, unless the respondents can successfully distinguish the Lowe case from the one before us. This they seek to do by pointing out that in the Lowe case the parties suing the corporation were seeking to continue the prosecution against it in its corporate name, while here the defendant corporation is seeking to exercise the right of appeal. But we think the proviso is not to be construed as conferring a right upon the adverse party alone. It declares that the action shall not abate, ''but may be prosecuted to final judgment (and) . . . enforced . . . in like manner as though no forfeiture had occurred.'' It is true that actions *by* the corporation are not saved. But in actions *against* the corporation, the intent seems to be to permit the litigation to go on to final judgment and execution as if there had been no forfeiture. If the plaintiff may prosecute his action regardless of the forfeiture, using the corporate name as that of the party to be served with notices of all kinds, and otherwise treating the corporation as the party defendant, there must be the correlative right of defending in the corporate name against such prosecution. The contrary view would lead to the anomalous result that those interested in resisting the action would be bound by proceedings taken against the corporation in its corporate name, while they could not defend in the only name and capacity by which it was sought to bind them. Our conclusion is that the pro-

viso gives the right to continue the defense, as well as the prosecution, in the corporate name, notwithstanding a forfeiture of charter pending the action, and that the right of defense includes the right to prosecute an appeal in the name of the corporation.

It becomes unnecessary to consider other points urged in opposition to the motion.

The motion to dismiss the appeal is denied.

Angellotti, J., Lorigan, J., Melvin, J., Shaw, J., and Henshaw, J., concurred.