[Civ. No. 1634.   First Appellate District.—February 29, 1916.]

## KEHRLEIN-SWINERTON CONSTRUCTION COMPANY (a Corporation), Appellant, v. M. A. RAPKEN, Respondent.

ACTION BY CORPORATION—FORFEITURE OF CHARTER—SUFFICIENCY OF AVERMENT IN ANSWER.—In an action brought by a corporation for damages for breach of contract, the incapacity of the plaintiff to begin or maintain the action because of the prior forfeiture of its charter is sufficiently put in issue, in the absence of special demurrer, by the averment in the answer "that the plaintiff is not now, or was at the time of the filing of the complaint, a corporation organized or existing under or by virtue of the laws of the state of California or of any state, and that prior to the commencement of this action the said plaintiff, after due and regular proceedings for that purpose had forfeited its charter as a corporation and as such ceased to exist, and ever since said time has ceased to be a corporation."

ID.—CORPORATION LAW—FORFEITURE OF CHARTER FOR NONPAYMENT OF LICENSE TAX—EVIDENCE.—The only competent proof of the forfeiture of the franchise of a corporation for the nonpayment of its license tax is the Governor's proclamation declaring such forfeiture, or a certified copy thereof, and the certificate of the Secretary of the State as to certain data of record in his office is not sufficient proof thereof.

ID.—SUBSTITUTION OF DIRECTORS AS PARTY PLAINTIFF—FORFEITURE OF CHARTER PRIOR TO ACTION BROUGHT—RIGHT OF CORPORATION.—Where during the trial of an action brought by a corporation in its corporate name it is shown that the franchise of the corporation had been forfeited prior to the commencement of the action, the plaintiff has the right nevertheless to have the names of its directors as trustees substituted for its own name as party plaintiff.

ID.—SUBSTITUTION OF TRUSTEES—WHEN PROPER.—When in the course of an action it is brought to the attention of the court, either by the pleadings and proof of the defendant or by the suggestion of the fact on the part of the plaintiff, that the names of the trustees of the corporation should appear in the place of the corporation itself as party plaintiff, and when it clearly appears that the cause of action is unchanged and that the real parties in interest remain the same, and that the meritorious defenses of the defendant will be unaffected, and that the only purpose and effect of the proposed amendment is the mere formal change in the names of the party plaintiff without any change in the substantial rights and relations of the real actors in the case, the

court should order the substitution made, and it is an abuse of discretion to refuse to do so.

ID.—STATUS OF DIRECTORS.—The directors of every corporation, whether it has forfeited its charter or not, are the real persons and actors in actions begun by it or for its benefit, and this being so, it does not seem to be so material in what name they begin their actions so long as the identity of their act as the act of the corporation is undeniable.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order dismissing the action and from an order denying a motion to vacate such order.  George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Wm. M. Cannon, and Kingsley Cannon, for Appellant.

William G. Weiss, for Respondent.

RICHARDS, J.—This action was commenced by the plaintiff as a corporation against the defendant to recover the sum of six hundred dollars for the alleged breach of a contract in writing for the supplying by plaintiff to the defendant of certain labor and materials to be used in the construction of a building, which, it is alleged, were furnished but for which the defendant refused to pay.

The plaintiff averred its corporate existence in the usual form.  The defendant denied this allegation and alleged "that the plaintiff is not now, or was at the time of the filing of the complaint, a corporation organized or existing under or by virtue of the laws of the state of California or of any state, and that prior to the commencement of this action the said plaintiff, after due and regular proceedings for that purpose had forfeited its charter as a corporation and as such ceased to exist, and ever since said time has ceased to be a corporation."

Upon the trial of the case, and after the plaintiff had proffered some of its proofs as to its cause of action, the defendant offered in evidence the certificate of the Secretary of State for the avowed purpose of showing that the plaintiff had forfeited its charter in the state of California in the year 1907, through the nonpayment of its license tax.  The plaintiff objected to this offer; the court overruled such objection

and admitted the paper, which was in the ordinary form of a certificate by the Secretary of State as to the existence of the facts which the statute of 1908 provided as predicate for the proclamation of the Governor that the charters of certain delinquent corporations were from and after a specified date to be forfeited. Thereafter and toward the close of the trial the plaintiff offered some evidence showing that the directors of the plaintiff were Emil Kehrlein, Oliver Kehrlein, and Alfred Swinerton, and thereupon moved the court for an order of substitution of the names of said persons as parties plaintiff in place of the said corporation. This motion was denied by the court, which thereupon of its own motion entered an order dismissing the action, and also thereupon entered judgment in favor of the defendant and against the plaintiff and for costs.

Thereafter the plaintiff moved the court to vacate and set aside its order dismissing the action, which motion was denied.

From these two orders, and also from the judgment in defendant's favor and for costs, the plaintiff prosecutes this appeal.

Three questions are presented upon this appeal. The first of these has reference to the sufficiency of the defendant's answer in attempting to allege the incapacity of the plaintiff to begin or maintain this action because of the prior forfeiture of its charter, the averment of the answer in that respect being above set forth. While this averment is loosely and inartificially drawn, we think it is sufficient in the absence of a special demurrer to put in issue the forfeiture of the plaintiff's charter.

The next question relates to the form and sufficiency of the defendant's offered proof of such forfeiture occurring through the nonpayment of its license tax. While it may be true that the certificate of the Secretary of State will suffice to prove *prima facie* the existence or nonexistence of certain data of which his office is the only proper place of record—such, for example, as the fact of the nonpayment of the plaintiff's annual license tax—we have had our attention drawn to no statute which purports to make the certificate of the Secretary of State *prima facie* or any evidence of the contents of such a document as the Governor's proclamation declaring the forfeiture of the charter of such corporations as may have failed to pay such tax. In the absence of such a statute the

only proper proof of such a document would be the original or a certified copy of it, and this not having been produced, and the proclamation of the Governor being an essential step in the procedure for the forfeiture of the charter of such corporation as the plaintiff was, we are constrained to hold that the certificate of the Secretary of State was incompetent to prove the forfeiture of the plaintiff's charter for the nonpayment of its license tax. (*Murphy* v. *Sumner,* 74 Cal. 316, [16 Pac. 3] ; 3 Jones on Ev., pp. 584, 585.)

The next contention of the appellant is that the court erred in denying the plaintiff's motion for leave to substitute the names of the trustees of the plaintiff corporation, and that the court committed the further error of thereupon dismissing the action.

The motion of the plaintiff for leave to make the substitution in the names of the parties plaintiff was made toward the close of the trial, and was necessarily predicated upon the proposition that the charter of said corporation had been forfeited for some cause and at some time prior to the time the motion was made, and since the only pretense of either pleading or proof of any kind presented in the case had reference to the state forfeiture of the plaintiff's charter to which the certificate of the Secretary of State related, it must be concluded that this was the forfeiture of its charter upon which the counsel for plaintiff predicated his motion. It might well be questioned whether the plaintiff, by thus assuming that the fact of the forfeiture of its charter had been sufficiently proven to form the basis for its said motion, has not waived the point as to the competency or sufficiency of such proof, but since upon a retrial of the case these defects may be remedied, we deem it proper to pass to what will ultimately prove to be the only vital issue in the case, which is the question as to whether plaintiff had the right to have the names of its trustees substituted for its own name as plaintiff during the trial and after proof or suggestion of the forfeiture of its charter prior to the commencement of the action.

There are two lines of cases which seem to run parallel bearing upon this question. The courts of last resort in this state have gone far in holding that corporations which have permitted themselves to come within the ban of the statute by failing to pay their license tax cannot be permitted to do business in this state while under such disability, and it has

also been definitely decided that the institution and main-
tenance of an action is embraced within the inhibition of the
statute with respect to doing business after such forfeiture of
a corporate charter. (*Crossman* v. *Vivienda Water Co.,* 150
Cal. 575, [89 Pac. 335] ; *Kaiser L. & F. Co.* v. *Curry,* 155 Cal.
638, [103 Pac. 341] ; *Newhall* v. *Western Zinc Min. Co.,* 164
Cal. 380, [128 Pac. 1040] ; *Carpenter* v. *Bradford,* 23 Cal.
App. 560, [138 Pac. 946].)

On the other hand, it has been held in a long line of well-
considered cases bearing upon the rights of partnerships or of
corporations to commence or maintain actions until they have
complied with certain requirements of the legislature restrict-
ing such right, that the plea and proof that such partnerships
and corporations may not maintain actions while under the
disabilities provided in such statutes are matters of affirma-
tive defense, and are in the nature of dilatory pleas, which are
waived by the failure on the part of the defendant to make
the required averments and proof; and that in the absence
of such plea and proof a partnership or a corporation, al-
though subject to such disabilities, may still maintain an
action and recover and enforce a judgment therein in its own
name. (*Bernheim etc. Co.* v. *Elmore,* 12 Cal. App. 85, [106
Pac. 720] ; *California Sav. & Loan Soc.* v. *Harris,* 111 Cal.
133, [43 Pac. 525] ; *Alaska Salmon Co.* v. *Standard Box Co.,*
158 Cal. 567, 576, [112 Pac. 454] ; *Reed & Co.* v. *Harshall,* 12
Cal. App. 697, [108 Pac. 719].) In the case last above cited
it was held that the court did not abuse its discretion in allow-
ing the substitution of the names of the directors of the cor-
poration as plaintiffs in lieu of the name of the corporation,
after the defendant had set forth in his answer that the
charter of the corporation had been forfeited through its
failure to pay its license tax. (*Reed & Co.* v. *Harshall,* 12
Cal. App. 704, 705, [108 Pac. 719].)

In the recent case of *Lowe* v. *Superior Court,* 165 Cal. 709,
714, [134 Pac. 190], the supreme court, in considering section
10a of the act relating to the payment of the annual license tax
by corporations (and which section was added to said act after
some of the cases dealing with the forfeiture of corporate
charters and its effect upon their right to sue or to be sued
in the corporate name had been decided), held that under said
section a corporation defendant, whose charter had been for-
feited after the commencement of the action, might have the

suit against it maintained either in its own name or in the names of its trustees, and in so deciding the court commented upon the case of *Newhall* v. *Western Zinc Min. Co.,* 164 Cal. 380, [128 Pac. 1040], as not in conflict with this view.

In the still later case of *Brandon* v. *Umqua L. & T. Co.,* 166 Cal. 322, [136 Pac. 62], the supreme court cited the Lowe case with approval, and went further in holding that even when the corporation was an actor after the forfeiture of its charter, as in the taking of an appeal, it could do so in its own name. It is true that in that case the court intimates that this rule would not apply to actions in which the corporation was the plaintiff, but this would only be to furnish a stronger reason why the trial court should permit the substitution of the names of the trustees for that of the corporation whenever the forfeiture of its charter for any cause is made to appear.

It is, however, urged by the respondent that this principle should not be given application to a case wherein the action has been begun by the corporation in its own name after its charter and right to do business has been withdrawn. But we think that this is a distinction which should not in the interests of justice prevail unless the language of the act is so clear and explicit as to require it. The present case is such an action as could well have been begun during the process of winding up the affairs of the defunct corporation, and which the statute expressly permits to be begun and maintained by the former directors of the corporation acting as trustees for its stockholders in thus seeking to collect its assets. An examination of the terms of section 10a of the license tax act will show that it is nowhere expressly stated or required therein that the trustees of the defunct corporation, in settling its affairs and in taking such legal proceedings as may be necessary so to do, must act in their own names instead of in the name of the corporation. The fact is that the directors of every corporation, whether it has forfeited its charter or not, are the real persons and actors in actions begun by it or for its benefit, and this being so, it does not seem to be so very material in what name they begin their action so long as the identity of their act as the act of the corporation is undeniable. This is the utmost that the defendant in actions of this character should have

the right to require for his own protection against the possibility of being twice vexed upon the same obligation.

A very interesting analogy involving the right and duty of the trial court to permit the substitution of the name of one plaintiff for that of another when no actual change is being effected in the real actors in the litigation is presented in the case of *Reardon* v. *Balaklala C. C. Co.*, 193 Fed. 189, the very apt language and citations of which have a direct bearing upon the principle involved in the case at bar.

When in the course of an action it is brought to the attention of the court, either by the pleadings and proof of the defendant or by the suggestion of the fact on the part of the plaintiff, that the names of the trustees of the corporation should appear in the place of the names of the corporation itself as a party plaintiff, and when it clearly appears that the cause of action is unchanged and that the real parties in interest remain the same, and that the meritorious defenses of the defendant will be unaffected, and that the only purpose and effect of the proposed amendment is the mere formal change in the names of the parties plaintiff without any change in the substantial rights and relations of the real actors in the case, the court should order the substitution made, and it was an abuse of discretion for the court to refuse so to do in the instant case.

It follows necessarily that upon both grounds above discussed the court was in error in dismissing the action and in causing judgment to be entered in the defendant's favor and for his costs. The motion to dismiss is denied.

The judgment and orders appealed from are reversed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 30, 1916, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 27, 1916.