MARÍA HAYDÉE RAMÍREZ DE ARELLANO Y QUIÑONES ET AL., Petitioners, v. DISTRICT COURT OF PONCE, Respondent.

No. 1053. Argued December 3, 1935.—Decided December 5, 1935.

*Agustín E. Font, Pablo J. Toro, M. Guerra Mondragón,* and *Ismael Soldevila* for petitioners. *Miguel A. García Méndez* and *José A. Poventud* for defendant in the main suit.

Mr. Justice Córdova Dávila delivered the opinion of the court.

The petitioners herein brought an action of revendication against Alfredo Ramírez de Arellano y Rosell. On motion of the defendant, José Antonio Quintín Gustavo Ramírez de Arellano y Ramírez was summoned to defend against the eviction. The defendants then demurred to the complaint, and their demurrer was sustained. The plaintiffs moved for a final judgment on the demurrer, without the imposition of costs. The defendants asked for the dismissal of the complaint, with costs against the plaintiffs, and the district court decided accordingly. On September 5, 1935, notice of the judgment rendered was served on the plaintiffs. On the 3d of October of the same year, Pablo Juan Toro, Esq., attorney for the plaintiffs, as appears from the stenographic record, learned of the death of José Antonio Ramírez de Arellano y Ramírez, who had been summoned to defend as aforesaid. On the following day, the plaintiffs moved for a reconsideration of the judgment, on the ground that the court, in rendering the same or in deciding the demurrer, had failed to file a written opinion and to state the grounds or juridical reasons for its decision. Plaintiffs requested a hearing on their motion to enable them to argue the questions raised, and the court set the 14th of October 1935, for holding the same. The defendant Alfredo Ramírez de Arellano requested that the motion for reconsideration be denied in

all its parts or stricken out from the record. On October 10, the plaintiffs moved for a continuance or postponement of the hearing on the motion for reconsideration, already set, as well as of any other proceeding in the case, until they could exercise the right granted to them, as they claimed, by section 69 of the Code of Civil Procedure, and until a proper order should be issued to substitute in the place of the aforesaid decedent his heirs, successors, executor, or judicial administrator. On the day set for the hearing of the motion for reconsideration, the court in the presence of counsel for the plaintiffs and for the defendant overruled plaintiffs' motion for a continuance. The argument on the defendant's motion to strike or to deny in all its parts the motion for reconsideration was then proceeded with, and at the end of the hearing, the court said:

"It is sufficiently argued; the court leaves it pending, and the motion to strike out or to dismiss remains pending decision."

The plaintiffs and petitioners requested the issuance of a writ of certiorari to review and set aside the order of the district court refusing to grant a continuance or postponement of the hearing on the motion for reconsideration and of any other subsequent proceeding. The writ sought was issued, and thereupon the defendant Alfredo Ramírez de Arellano moved that the same be discharged.

■■ The petitioners urge that the order of the District Court of Ponce refusing the motion for a continuance is erroneous and contrary to the laws of procedure, inasmuch as the person summoned to defend against the eviction was a party together with the defendant, was entitled as such to intervene, and had to be substituted by his heirs, successors, or judicial administrator. In support of the issuance of the writ, they claimed that, if the same were not granted, the district court would proceed to decide the motion for reconsideration of the judgment, and should its decision be adverse, a complete failure of justice would result, for upon

deciding the reconsideration and notifying the petitioners, the period prescribed by law for taking an appeal from the judgment would commence to run anew, and they would be precluded from serving the notice of appeal on the adverse litigant, who has died, since they do not know who are his heirs or judicial administrator, and they lack the necessary information to substitute him in accordance with the law. The petitioners add that in order to avoid such a failure of justice, they have resorted to this court praying for the issuance of a writ of certiorari wherein it be stated that it should operate as a stay, so that during the pendency of this proceeding and until the same is finally decided, the District Court of Ponce and the adverse party should be precluded from taking any further proceedings in the suit not intended to obtain or effect the substitution of the deceased litigant.

The error attributed to the lower court consists only in having refused to postpone the hearing on the motion for reconsideration and the decision that was to be rendered thereon. It is evident that after the judgment was rendered and before the motion for reconsideration was filed, the court had nothing to postpone. Did that situation change by reason of the fact that a reconsideration of the decision rendered was asked? Was the court bound to postpone its decision until the substitution of parties should be made? The petitioner emphatically asserts that the court was so bound in order to protect his rights, by placing him in a position to appeal from the decision, after serving notice on the parties really interested. The defendant Alfredo Ramírez de Arellano with equal emphasis denies that there was any such duty on the part of the lower court. It is not necessary, however, for us to express any opinion on this controverted question, as the same has become academic. The defendant has attached to the record a certificate of the clerk of the District Court of Ponce, wherein it is stated that the petitioners have already filed a motion in the lower

court, praying that the corresponding substitution be made in accordance with sections 43 and 69 of the Code of Civil Procedure. It is stated in said motion that the sole and universal heirs of the defendant, who was summoned to defend against the eviction, are his legitimate children named José Antonio, Orlando, Encarnación, and Carmen Lydia Ramírez de Arellano y Rodríguez, his legitimized children named Víctor Angel, Quintín, and Gustavo, his natural daughter, Matilde Ramírez Alvarez, his widow Doña Gumersinda Rodríguez, and the sons of his legitimized sons, William Quintín Ramírez Paganacci and Luis Alberto Morales Ramírez, and also in her capacity as legatee, his aforesaid natural daughter Matilde Ramírez Alvarez.

At the hearing, the petitioner, represented by his attorney, stated his argument that the controverted question had not been rendered academic, as new difficulties might arise. In answer to this argument we would say that where the right to substitute a party who has died, has been brought to the attention of the lower court, the court has no discretion to deny the motion. *Kehrlein–Swinerton Con. Co.* v. *Rapken,* 30 Cal. App. 11, 156 Pac. 972. And in case of a refusal, it may be compelled to decree the substitution. *In Re Connaway Rec'r. of Moscow Nat. Bank,* 178 U. S. 421; 44 L. ed. 1134; 20 S. Ct. 951.

It is idle to decide a question which we deem to be academic. The motion for reconsideration has not been decided, the heirs of the defendant who had been summoned to defend against the eviction are already known to the plaintiff, and the court, according to his motion, has knowledge of this fact and has been requested to decree the substitution.

The writ issued must be discharged.