MARÍA HAYDÉE RAMÍREZ DE ARELLANO Y QUIÑONES, ET AL., peticionarios, *v.* CORTE DE DISTRITO DE PONCE, HON. DOMINGO SEPÚLVEDA, JUEZ, demandada.

No. 1053.—*Sometido:* Diciembre 3, 1935. *Resuelto:* Diciembre 5, 1935.

*Agustín E. Font, Pablo J. Toro, M. Guerra Mondragón* e *Ismael Soldevila,* abogados de los peticionarios; *Miguel A. García Méndez* y *José A. Poventud,* abogados del interventor, demandado en el pleito principal.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Los peticionarios en este caso iniciaron demanda de reivindicación contra Alfredo Ramírez de Arellano y Rosell. A petición del demandado fué citado de evicción José Antonio Quintín, Gustavo Ramírez de Arellano y Ramírez. Los demandados interpusieron contra la demanda excepciones previas que fueron declaradas con lugar. Pidieron los demandantes que se dictara sentencia sobre dichas excepciones, sin imposición de costas. Los demandados solicitaron que se

desestimara la demanda imponiendo dichas costas a los demandantes. La corte de distrito así lo resolvió. En 5 de septiembre de 1935 fué notificada la sentencia dictada a los demandantes. El día 3 de octubre del mismo año el abogado de los demandantes, Pablo Juan Toro, según consta de las notas taquigráficas, tuvo conocimiento del fallecimiento de José Antonio Ramírez de Arellano y Ramírez, citado de evicción. Al día siguiente solicitaron dichos demandantes que se reconsiderara la sentencia dictada, fundándose en que ni al dictarse el fallo ni al resolverse las excepciones previas se había escrito opinión ni se habían consignado los motivos o razones jurídicas que sirvieron de base a la decisión. Solicitaron dichos demandantes la vista de su moción para discutir las cuestiones propuestas y la corte señaló el día 14 de octubre de 1935 para la celebración de la misma. Pidió el demandado Alfredo Ramírez de Arellano que se desestimase de plano o eliminase del récord la moción de reconsideración. En 10 de octubre los demandantes solicitaron la suspensión o aplazamiento de la vista de la moción de reconsideración señalada, así como de todo procedimiento en el presente caso, hasta tanto pudiesen ejercitar el derecho que a su juicio les concede el artículo 69 del Código de Enjuiciamiento Civil, y se dicte la providencia adecuada para hacer la sustitución del referido causante por herederos, sucesores, albacea o administrador judicial. El día señalado para la vista de la moción de reconsideración la corte, estando presentes el abogado de los demandantes y el abogado del demandado, declaró sin lugar la moción de suspensión solicitada por los demandantes. Procedióse entonces a discutir la moción del demandado para que se eliminase del récord o se desestimase de plano la moción de reconsideración, pronunciando la corte, al terminar la vista, las siguientes palabras:

"Está suficientemente discutida, la corte la deja pendiente ahí y queda pendiente de resolución la moción eliminatoria y de desestimación."

Los demandantes y peticionarios solicitaron la expedición de un auto de *certiorari* para revisar y anular la orden de la corte de distrito negándose a suspender o aplazar la vista de la moción de reconsideración y de cualquier otro procedimiento subsiguiente. Expedido el auto solicitado, el demandado Alfredo Ramírez de Arellano ha comparecido solicitando su anulación.

Alegan los peticionarios que la resolución de la Corte de Distrito de Ponce denegando la solicitud de suspensión es errónea y contraria a las leyes de procedimiento, por cuanto el citado de evicción era litigante en unión del demandado, tenía derecho como tal a intervenir y había que sustituirlo por sus herederos, sucesores o administrador judicial. Para obtener la expedición del auto alegaron que de no concederse la corte de distrito procedería a resolver la moción de reconsideración de sentencia y si su decisión fuese adversa se produciría un completo fracaso de la justicia, porque al fallarse la reconsideración y notificarse a los peticionarios, empezaría a correr nuevamente el término fijado por la ley para apelar contra la sentencia, lo que se verían imposibilitados de hacer, porque no podrían notificar el escrito de apelación al litigante contrario, que ha fallecido, por ignorar quiénes son sus herederos o administrador judicial y no haber adquirido la suficiente información para sustituirlo de acuerdo con la ley. Añaden los peticionarios que para evitar este fracaso de la justicia han acudido a este tribunal solicitando la expedición de un auto de *certiorari* donde se haga constar que el mismo tiene carácter suspensivo, de modo que mientras se tramite y resuelva en definitiva el presente recurso, no puedan la Corte de Distrito de Ponce y la parte contraria continuar procedimientos ulteriores en el litigio que no vayan encaminados a obtener o llevar a cabo la sustitución del litigante fallecido.

El error atribuído a la corte inferior consiste únicamente en haberse negado a suspender la vista sobre la moción de reconsideración y el fallo que debía recaer sobre la misma.

Es evidente que después de dictada la sentencia y antes de presentarse la moción para reconsiderar, la corte no tenía nada que suspender. ¿Cambió de aspecto la cuestión por el hecho de que se solicitase la reconsideración del fallo dictado? ¿Estuvo la corte obligada a suspender su resolución hasta tanto fuese hecha la sustitución de partes? El peticionario afirma con énfasis que la corte tuvo este deber para proteger sus derechos, colocándolo en condiciones de poder apelar del fallo con citación de las partes realmente interesadas. El demandado Alfredo Ramírez de Arellano niega también con énfasis que existiese este deber de parte del tribunal inferior. No es necesario, sin embargo, emitir juicio alguno sobre la cuestión debatida, porque en la actualidad resulta completamente académica. El demandado ha unido a los autos una certificación del secretario de la Corte de Distrito de Ponce, haciendo constar que los peticionarios han presentado ya su moción a la corte inferior, para que de acuerdo con los artículos 43 y 69 del Código de Enjuiciamiento Civil se lleve a cabo la sustitución correspondiente. En esta moción se hace constar que los únicos y universales herederos del demandado citado de evicción son sus hijos legítimos llamados José Antonio, Orlando, Encarnación y Carmen Lydia, todos de apellido Ramírez de Arellano y Rodríguez, sus hijos legitimados, que se llaman Víctor Angel, Quintín y Gustavo, su hija natural Matilde Ramírez Alvarez, su viuda doña Gumersinda Rodríguez, y sus nietos legitimarios William Quintín Ramírez Paganacci y Luis Alberto Morales Ramírez, y en concepto de legataria también su hija natural ya mencionada Matilde Ramírez Alvarez.

Durante la vista el peticionario, representado por su abogado, expuso su criterio en el sentido de que la cuestión debatida no había quedado relegada a la categoría de académica, porque podían suscitarse nuevas dificultades. En contestación a este argumento deseamos hacer constar que cuando el derecho de sustituir a una parte que ha muerto ha sido demostrado ante la corte inferior, el tribunal no

138

tiene discreción para denegar la moción. *Kehrlein-Swinerton Const. Co.* v. *Rapken,* 30 Cal. App. 11, 156 P. 972. Y en caso de que se niegue puede ser obligado a decretar la sustitución. *Ex parte Connaway,* 178 U.S. 421, 44 L. Ed. 1134, 20 Sup. Ct. Rep. 951.

Huelga resolver una cuestión que consideramos académica. La moción de reconsideración no ha sido resuelta, los herederos del demandado citado de evicción son conocidos ya del demandante y la corte, de acuerdo con su moción, tiene conocimiento de este hecho y ha sido requerida para que decrete la sustitución.

*Debe anularse el auto expedido.*