VICENTE L. GIMÉNEZ, peticionario, *v.* CORTE DE DISTRITO DE SAN JUAN, HON. R. LA COSTA, JR., JUEZ INTERINO, demandada.

Núm. 1203.—*Sometido:* Febrero 19, 1940. *Resuelto:* Marzo 7, 1940.

*Víctor Rivera Colón,* abogado del peticionario; *G. Cruzado Silva,* abogado del interventor, demandante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

En la petición de *certiorari* radicada en este caso el 6 de febrero de 1940, se alegaba que la Corte de Distrito de San Juan se había negado a expedir una solicitud de *certiorari* allí presentada. La solicitud radicada ante la corte de distrito se basó fundamentalmente en la idea de que la Corte Municipal de San Juan nunca había adquirido jurisdicción sobre el peticionario en un pleito de desahucio presentado contra él.

La sentencia contra el peticionario fué dictada el 22 de diciembre de 1939, y el 23 del mismo mes él radicó una moción solicitando que la sentencia en su contra se dejara sin efecto. El peticionario alega entonces ante este tribunal que la Corte Municipal de San Juan señaló la moción para el 11 de enero de 1940.

Sucedió que el 11 de enero era un día feriado y al darse cuenta de ello la corte señaló de nuevo la moción para la tarde del 12 de enero de 1940. No se desprende si la corte hizo este nuevo señalamiento el 11 ó en la mañana del 12. En uno u otro de los documentos que están ante nos se hace constar que la corte dijo que su secretario había notificado a

las partes del segundo señalamiento y que el demandado, peticionario en este recurso, no había comparecido.

El opositor, demandante en la acción principal y parte primordialmente interesada, arguye, y la corte de distrito aparentemente estuvo conteste con él, que aunque el señalamiento hecho para el 11 de enero era nulo, el mismo fué automáticamente transferido para el día 12.

■■ Los artículos 10, 11 y 12 del Código de Enjuiciamiento Civil disponen:

"Artículo 10.—Las cortes deberán celebrar sesión y despachar los asuntos judiciales en cualquier día, exceptuándose lo dispuesto en el artículo siguiente.

"Artículo 11.—No podrá actuar ninguna corte, ni despachar ningún asunto judicial, los domingos, el primero de enero, el cuatro de julio, el día de Navidad, el de dar gracias, y el día en que tenga lugar una elección general, a no ser para lo siguiente: (Se refiere a excepciones que no son de aplicación a este caso.)

"Artículo 12.—Si cualquiera de los días mencionados en el precedente artículo fuese el señalado para celebrar sesión, o el día hasta el cual se suspendió dicha sesión, ésta se entenderá señalada o suspendida para el día siguiente."

Los artículos 10 y 11 simplemente proveen que no se podrán despachar asuntos de clase alguna por ninguna corte en los días allí mencionados, excepción hecha de para los fines en ellos enumerados. Es cierto que el artículo 12 dispone la posposición del caso en cualquiera de los días mencionados, más no incluye otros días feriados.

El artículo 387 del Código Político incluye algunos días distintos a los mencionados en el artículo 11, supra.

No tenemos duda alguna, sin embargo, de que en cualquier otro día fijado por la Asamblea Legislativa como feriado la corte no puede despachar asuntos de la índole de la moción que está ante nos, o sea, para dejar sin efecto una sentencia.

El opositor se funda también en el artículo 389 del Código Político, que provee:

"Artículo 389.—Cuando algún acto haya de ejecutarse bajo la ley o en virtud de contrato en un día señalado, y tal día ocurriese en día de fiesta, dicho acto podrá realizarse en el próximo día de trabajo, teniendo el mismo efecto que si se hubiera realizado en el día señalado."

Nos inclinamos a creer que el señalamiento de la moción a que nos hemos referido no está comprendido por los términos del referido artículo 389 porque él no fué "algún acto que haya de ejecutarse bajo la ley o en virtud de contrato en un día señalado." El señalamiento de un día por el juez para oír una moción no equivale a semejante acto.

Asumiendo, sin resolverlo, que el peticionario estuviera en lo cierto, y asumiendo también que la corte de distrito no subsanó propiamente el defecto del señalamiento, estamos no obstante convencidos de que el auto expedido en este caso debe ser anulado.

■ Durante la vista de este recurso el peticionario ofreció presentar directamente a este tribunal un certificado de los procedimientos habidos ante la corte municipal. Presentada objeción, este tribunal se negó a admitir el certificado a base de que la corte de distrito, al decidir el *certiorari* que estaba ante sí, no tuvo dichos procedimientos o documentos a la vista. En su consecuencia, en este recurso de *certiorari* no podemos revisar algunas de las varias cuestiones suscitadas.

Durante la vista celebrada ante la corte municipal el opositor insistía en que el demandado en el procedimiento de desahucio, peticionario en este recurso, fué debidamente citado y que tal hecho quedó probado. A nuestro juicio, la corte de distrito no tuvo ante sí todos los documentos que demostraran lo que se había hecho en la corte municipal.

■ Hemos examinado, sin embargo, la petición radicada ante la corte inferior y creemos que la misma no describía suficientemente las razones por las cuales la corte municipal carecía de jurisdicción sobre la persona del peticionario demandado. En la corte de distrito era el deber del peticionario demostrar que había fundamento sustancial para alegar

240

que la corte municipal nunca había adquirido jurisdicción sobre su persona.

▉ El opositor también sostiene, y a nuestro juicio demuestra con los autos o con las admisiones del peticionario, que éste apeló de la sentencia de la corte municipal, dictada el 22 de diciembre de 1939. Se suscitó la cuestión, conforme revelan lós autos, de la suficiencia de la fianza. Convenimos, no obstante, con el opositor cuando éste dice que una apelación interpuesta por el peticionario hubiese sido un remedio adecuado.

Estamos bastante bien convencidos de que la corte de distrito pudo haberse negado discrecionalmente a expedir el auto. Sea ello como fuere, no tenemos duda de que este tribunal tiene amplia discreción para negarse a continuar conociendo de un caso bajo las condiciones antes expuestas.

*Debe anularse el auto expedido.*

El Juez Asociado Sr. Travieso no intervino.