Vicente L. Giménez, peticionario y apelante, *v.* Corte Municipal de San Juan, Sección Tercera, Hon. Victoriano M. Fernández, Juez, demandada y apelada.

Núm. 8294.—*Sometido:* Febrero 3, 1941. *Resuelto:* Febrero 14, 1941.

*Víctor Rivera Colón,* abogado del apelante; *Dubón & Ochoteco,* abogados de Méndez & Compañía, S. en C., interventora.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

La parte interventora y apelada solicita la desestimación del recurso, por considerar que el mismo es frívolo, y que se impongan las costas al querellante apelante por su temeridad al ejercitarlo. Examinemos primeramente los hechos.

Fructuoso Vázquez inició acción de desahucio ante la Corte Municipal de San Juan contra Vicente L. Giménez, el querellante y apelante. Impugnada la citación que se hiciera

para la primera comparecencia de las partes y radicada una moción para que se dejase sin efecto la sentencia en rebeldía dictada en dicho caso, la corte municipal citó a las partes para el 11 de enero de 1940, o sea para el Día de Engenio M. de Hostos, día feriado. Ninguna de las partes compareció en dicho día, por no estar la corte en sesión. Alega el recurrente que al siguiente día, 12 de enero de 1940, sin que se hiciera nueva citación a las partes litigantes, se celebró la vista de las mociones y la corte dictó sentencia en contra del demandado Vicente L. Giménez, decretando el desahucio. Giménez apeló para ante la Corte de Distrito de San Juan.

En mayo 18 de 1940, Giménez radicó ante la citada corte de distrito una petición de *certiorari,* en la que alegaba que la Corte Municipal de San Juan había cometido error de procedimiento:

1. Porque habiendo inadvertidamente citado a las partes para comparecer en un día feriado, debió subsanar su error expidiendo una nueva orden y notificando de nuevo al querellante, dándole una oportunidad de tener su día en corte.

2. Porque al fallecer el demandante original Fructuoso Vázquez, quien había comparecido en su carácter de administrador, estando el caso pendiente en apelación ante la corte de distrito y fuera de la jurisdicción de la corte municipal, ésta ordenó que dicho demandante fuese substituído por una persona que no era dueño, usufructuario, causahabiente o persona con derecho a la casa objeto del desahucio, habiéndose dictado tal orden sin oír y sin notificar al peticionario.

Expedido el auto y oídas las partes, en julio 3 de 1940 la corte inferior dictó sentencia anulando el auto y desestimando la petición. No conforme el peticionario interpuso el presente recurso.

Convenimos con la parte apelada en que el presente recurso es claramente frívolo.

La corte inferior con vista de los autos originales elevados ante ella por la corte municipal, declaró probados los hechos siguientes:

"Que en 15 de diciembre de 1939 se radicó ante la Corte Municipal de San Juan, Sección Tercera, por Fructuoso Vázquez, en su

carácter de administrador de un inmueble propiedad de la Sucesión Córdova, una acción de desahucio contra el aquí peticionario, quien aparece haber sido notificado de la demanda el mismo día de su radicación, y la corte dictó sentencia declarando con lugar la misma el día 22 de diciembre de 1939, sentencia que fué notificada al aquí peticionario el día 29 de dichos mes y año; que en diciembre 22 de 1939 el peticionario radicó una moción solicitando se dejara sin efecto la sentencia dictada en su contra, por haber actuado la corte sin jurisdicción, ya que el mismo no había sido emplazado; que la corte señaló el día 11 de enero de 1940 para oír a las partes con relación a dicha moción, señalamiento que fué transferido por la corte, previa notificación por el secretario a las partes, para el día 12 de enero de 1940, a las dos de la tarde, por ser el día señalado originalmente día de fiesta legal (véase orden corte municipal de enero 12 de 1940); habiendo comparecido en dicho día 12 de enero el demandante, su abogado, y Narciso Bismark, la persona que diligenció el emplazamiento, sin que el demandado o su abogado hubieran comparecido; que en 18 de enero de 1940 el demandado apeló para ante esta corte de la sentencia que en su contra había sido dictada y notificada el 29 de diciembre de 1939, apelación que fué desestimada por esta corte el día 18 de abril de 1940; que en abril 30 de 1940 la corte, previa moción del demandante, permitió la sustitución del demandante Fructuoso Vázquez por Méndez & Compañía, así como que el procedimiento continuase a nombre de Méndez & Compañía en sustitución y como sucesor del anterior demandante, quien había fallecido.''

Como se ve, el récord del caso y los hechos probados no sostienen la comisión del primer error que se imputa a la corte municipal. Por el contrario, el récord demuestra claramente que la corte subsanó su error haciendo un nuevo señalamiento y notificando oportunamente al demandado Giménez.

■■ Tampoco se ha establecido la comisión del alegado segundo error. La apelación interpuesta por el demandado Giménez contra la sentencia de desahucio fué desestimada por la corte de distrito en abril 18, 1940. La sustitución de Vázquez, el difunto administrador de la Sucesión Salgado Córdova, dueños de la casa objeto del desahucio, por Méndez &

Compañía, los nuevos administradores del inmueble, fué decretada por la corte municipal en 30 de abril de 1940, cuando ya dicha corte había readquirido jurisdicción sobre el caso por virtud de la desestimación de la apelación y la confirmación de la sentencia.

Habiendo el demandante original Fructuoso Vázquez entablado la acción de desahucio en su carácter representativo, como administrador del inmueble, la corte de distrito no erró al sostener que la corte municipal procedió correctamente al aprobar la sustitución del administrador fallecido por el nuevo administrador nombrado por el dueño del inmueble. Es el nuevo administrador—y no los representantes legales del difunto—quien debe sustituir a éste como demandante. 1 Bancroft's Code Practice & Remedies, págs. 667, 668, párrs. 448 y 449; art. 69, Código de Enjuiciamiento Civil; *Ramírez de Arellano* v. *Corte,* 49 D.P.R. 134.

El primer alegado error fué sometido a la consideración de esta Corte Suprema y resuelto en contra del peticionario apelante. *Giménez* v. *Corte,* 56 D.P.R. 236.

Convenimos con la corte inferior en que el procedimiento de certiorari incoado por el peticionario apelante no tuvo otro objeto que el de dilatar y obstaculizar la ejecución de la sentencia de desahucio; y con el apelado en que ese mismo ha sido el propósito del apelante al establecer un recurso que es claramente frívolo.

*Por las razones expuestas y considerando que es evidente la temeridad del peticionario apelante al interponer un recurso frívolo y carente de méritos, debe confirmarse la sentencia recurrida e imponerse al apelante el pago de las costas de esta apelación, más la suma de $100 como honorarios del abogado de la parte apelada.*