COMISIONADO DE SEGUROS DE PUERTO RICO, peticionario, *v.* TRIBUNAL SUPERIOR, SALA DE SAN JUAN, HON. LUCAS F. SERBIÁ CÓRDOVA, JUEZ, demandado; CARIBBEAN INSURANCE COMPANY, interventora.

*Número:* O-71-197      *Resuelto:* 3 de abril de 1972

*Gilberto Gierbolini, Procurador General, y Peter Ortiz, Procurador General Auxiliar,* abogados del peticionario; *Elmer Toro*

*Luchetti* e *Isaías Rodríguez Moreno,* abogados de la interventora.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

Debemos resolver si estando pendiente un caso sobre procedimiento de cobro (liquidación) iniciado por el peticionario contra la interventora en el cual se autorizó a ésta a continuar sus operaciones mientras se ventilaba dicha causa, puede el peticionario proceder administrativamente en contra de la interventora y ordenarle paralizar sus operaciones debido a varias actuaciones suyas que el peticionario concluyó que constituyen violaciones del Código de Seguros. Creemos que puede cuando se trate de hechos no cubiertos o en controversia en el referido caso.

Además, debemos determinar si la suspensión de los efectos de la orden del peticionario constituyó un ejercicio sano y adecuado de la discreción judicial. Concluimos que no y que por lo tanto debe devolverse el caso al tribunal de instancia para que determine si debe o no suspenderse dicha orden mientras se tramita la apelación de la misma, a la luz de los criterios que exponemos a continuación.

Los hechos pertinentes, para un entendimiento de las anteriores cuestiones, se resumen así:

En el caso Núm. 69-2844, sobre Procedimiento de Cobro (liquidación), radicado por el peticionario contra la interventora se expidió por el tribunal de instancia una orden en 19 de mayo de 1969 autorizando a la interventora a continuar su gestión de negocios. De esta orden se recurrió en *certiorari* a este tribunal el cual por su resolución de 28 de octubre de 1969 dispuso que dicho recurso no procedía.

En 19 de junio de 1970, el peticionario citó a la interventora para que compareciera a mostrar causa por la cual no debía imponerle sanciones debido a determinadas violaciones de disposiciones del Código de Seguros. Recurrió la interventora, dentro del caso Núm. 69-2844, al tribunal de instancia,

para impugnar la facultad del peticionario para celebrar la vista sobre las referidas alegadas violaciones. En 13 de julio de 1970 el Hon. Armindo Cadilla Ginorio dispuso por resolución ". . . *que el Comisionado de Seguros estaba y está facultado para expedir la orden que expidió en 19 de junio de 1970 . . . en relación con hechos que hayan ocurrido con posterioridad a aquellos sometidos al Comisionado Especial en el presente caso, o que ocurridos antes, no sean los mismos sometidos al Comisionado Especial en este caso.*" (Énfasis nuestro.) De esta resolución no se recurrió.

Celebradas las vistas administrativas relacionadas con las referidas alegadas violaciones del Código de Seguros, concluyó el peticionario en 15 de septiembre de 1970 que la interventora había incurrido en determinadas violaciones y en tal virtud revocó todo certificado de autoridad expedido por el Comisionado a la interventora por cinco años; le prohibió llevar a cabo gestiones o transacción alguna de negocios a su nombre o por su orden; y resolvió que la interventora no podrá disponer, pignorar, empeñar, gravar o enajenar en forma alguna activos en su poder o que vengan a su poder en el futuro pertenecientes o en relación con el negocio de la interventora.

De la anterior determinación del peticionario apeló la interventora al Tribunal Superior, en 25 de septiembre de 1970. En 21 de octubre de ese mismo año radicó una moción solicitando la paralización y suspensión de los efectos de la anterior resolución del peticionario en lo que se resuelve sobre los méritos de dicha moción y en lo que se resuelve en forma final el caso 69-2844.

En 3 de noviembre de 1970 el magistrado Serbiá dictó resolución suspendiendo la resolución del peticionario de 15 de septiembre de 1970 "en lo que el tribunal resuelve en definitiva sobre todo lo relacionado con la moción del apelante del 21 de octubre de 1970." En 29 de junio de 1971 el referido magistrado dictó resolución que, entre otras providencias, dispone que: "En tanto se sustancia y se decide el presente caso

se decreta la suspensión para todo efecto legal de la resolución del recurrido de 15 de septiembre de 1970, objeto de revisión." Además, dicha resolución reprodujo determinados pronunciamientos del caso 69-2844 que autorizaba a la interventora a continuar sus negocios, y añadió que ". . . La recurrente Caribbean Insurance Company queda autorizada, hasta entonces, para continuar su gestión de hacer negocios en el expendio de fianzas civiles y criminales, sin que deba permitirse intervención alguna en contrario."

En apoyo de este recurso, el peticionario apunta que el tribunal de instancia incurrió en varios errores, apuntamientos que analizamos a continuación.

1.—Apunta el peticionario que el tribunal de instancia incidió al suspender la resolución administrativa en lo que se resuelve la apelación, sin hacer conclusiones de hecho y de derecho sobre la existencia o no de los factores que deben regir esta controversia y al no balancear adecuadamente el interés privado de la interventora y el interés público y darle el peso debido a las conclusiones del peticionario.

De acuerdo a lo dispuesto en el Código de Seguros, (Art. 2.260, incisos 3 y 4; 26 L.P.R.A. sec. 226 Sup. 1972) la apelación radicada en este caso contra la determinación del peticionario de 15 de septiembre de 1970 que ordenó la suspensión de los negocios de la interventora, suspendió los efectos de dicha determinación por 30 días a partir de la fecha de la radicación de dicha apelación pudiendo extenderse este período, a petición de la parte afectada, previa vista de la cual se dará aviso con 10 días de anticipación al peticionario y al Secretario de Justicia para que éstos puedan oponerse a dicha prórroga. Es decir, la concesión de la referida prórroga es discrecional en el tribunal.

El estatuto federal (sección 10 (d)) del *Administrative Procedure Act*, 5 U.S.C.A. sec. 705, sólo dispone para la suspensión de una acción administrativa por el tribunal al cual

se recurre de la misma ". . . Bajo aquellas condiciones que se requieran y en los extremos necesarios para impedir daño irreparable, . . . ." Sin embargo, los tribunales federales han establecido que a los fines de ejercer su discreción al resolver sobre tales solicitudes de suspensión los tribunales deben tomar en consideración las siguientes condiciones:

(1) La posibilidad de que el peticionario (en el caso que nos ocupa, la interventora) pueda prevalecer en cuanto a los méritos de la apelación.

(2) Daño irreparable a la referida parte a menos que se conceda la suspensión.

(3) Ausencia de daño sustancial a otras partes interesadas.

(4) Ausencia de daño al interés público. *Baggett Transportation Co.* v. *Hughes Transportation, Inc.*, 393 F.2d 710, 717 (8th Cir. 1968); *Southern Ry. Co.* v. *Brotherhood of Locomotive Fire. & Eng.*, 384 F.2d 323, 329 (D.C. Cir. 1967); *Brotherhood of Ry. & S.S. Clerks, etc.* v. *National Med. Bd.*, 374 F.2d 269, 273 (D.C. Cir. 1966); *Unglesby* v. *Zimny*, 250 F.Supp. 714, 716 (D.C. Cal. 1965); *Covington* v. *Schwartz*, 230 F.Supp. 249, 252 (D.C. Cal., 1964); *Armour and Company* v. *Freeman*, 304 F.2d 404, 406 (D.C. Cir. 1962); *The Liberty Nat. Bank and Trust Co. of Oklahoma City* v. *Board of Governors*, 312 F.2d 393 (10th Cir. 1962); *Associated Securities Corp.* v. *Securities & Exch. Com'n*, 283 F.2d 773, 774–775 (10th Cir. 1960); *Virginia Petroleum Job. Ass'n* v. *Federal Power Com'n*, 259 F.2d 921, 925 (D.C. Cir. 1958).

■ Arguye el peticionario que al no demostrar la interventora la existencia de dichas condiciones en la vista sobre su solicitud de prórroga de la suspensión de la determinación administrativa, el tribunal abusó de su discreción al prorrogar la referida suspensión.[1]

---

[1] El peso de la prueba recae sobre la parte promovente. *Associates Securities Corp.* v. *Securities & Exch. Com'n.*, supra, a la pág. 775.

■ El citado Art. 2.260 del Código de Seguros no establece condición alguna de modo expreso. Por lo tanto, las condiciones que han de mover la discreción judicial(²) tienen que ser establecidas por la propia rama judicial a menos que haya de ejercitarse tal discreción sin criterio informado, situación que, a nuestro juicio, no se justifica en esta área ya que la referida discreción ha de ser ejercitada en armonía con el espíritu del estatuto y de manera que contribuya y no derrote los fines de la justicia. Véanse, *King* v. *Mitchell*, 214 P.2d 993 (Ore., 1950) ; *Snyder* v. *Consolidated Highway Co.*, 72 P.2d 932 (Ore. 1937).(³)

De acuerdo con el Art. 2.260 del Código de Seguros, a los fines de ejercer el tribunal su discreción en cuanto a extender la suspensión de una actuación del peticionario de la cual se recurre al tribunal, éste ". . . deberá oir, no solamente las alegaciones del apelante sino, *también, los fundamentos del Comisionado de Seguros, para oponerse a que se deje sin efecto su actuación, proveyéndosele esa oportunidad mediante la celebración de una vista.*" (⁴) (Énfasis nuestro.)

■ De lo expuesto concluimos que las cuatro condiciones previamente relacionadas deben tomarse en consideración en esta jurisdicción en situaciones como la que nos confrontamos en este caso por las siguientes razones:

(a) La vista provista por el Art. 2.260 del Código de Seguros para considerar los fundamentos que tengan el peticionario y el Secretario de Justicia para oponerse a la suspen-

---

(²) La discreción judicial es un tema poco explorado por los estudiosos. Rosenberg, *Judicial Discretion of the Trial Court, Viewed From Above,* 22 Syracuse L. Rev. 635 (1971). Véanse, además, Pound, *Discretion, Dispensation and Mitigation: The Problem of the Individual Special Case,* 35 N.Y. U. L. Rev. 925 (1960) ; Davis, *Discretionary Justice, A Preliminary Inquiry* (1969).

(³) Son estos casos de dispensa los que mayormente levantan cuestiones de abuso de discreción. Pound, *supra,* a la pág. 933.

(⁴) Informe de la Comisión de lo Jurídico Civil del Senado de Puerto Rico, *Diario de Sesiones,* Vol. 22, Parte 3, pág. 1415, Sesión Ordinaria (1968).

sión de la actuación administrativa de aquél, necesariamente tiene como propósito dar debida consideración al interés público al ejercer la discreción judicial ya que el negocio de seguros está investido de un substancial interés público siendo el peticionario el funcionario encargado de salvaguardarlo. *Comisionado de Seguros* v. *Bradley*, 98 D.P.R. 21, 29 (1969); *Comisionado* v. *Anglo Porto Rican*, 97 D.P.R. 637, 640 (1969); *Maryland Cas'y. Co.* v. *San Juan Rac'g. Assoc., Inc.*, 83 D.P.R. 559, 563 (1961).

(b) La suspensión de la actuación administrativa del peticionario es un remedio extraordinario en una materia investida de un interés público sustancial, por lo que dicha suspensión sólo se justifica cuando existe una base razonable para creer que el apelante ha de prevalecer en la apelación. *South P.R. Sugar Co.* v. *Corte*, 62 D.P.R. 841, 849–850 (1941); *White Star Bus Line* v. *Corte*, 52 D.P.R. 837, 842, 846 (1938).

(c) La orden paralizando los efectos de la resolución administrativa no debe dictarse tampoco si no se demuestra que el peticionario sufriría daño irreparable, ya que se trata de una dispensa de los efectos ordinarios que el estatuto atribuye a la orden administrativa. La posibilidad de que existan otros remedios en etapas posteriores para la adecuada compensación del perjudicado es un factor de peso en contra de una alegación de daño irreparable. Una mayor probabilidad de que el apelante prevalezca en los méritos puede hacer suficiente un daño que de otro modo no lo sería. Véanse los casos de *South P.R. Sugar Co.*, supra; *White Star Bus Line*, supra; y *Virginia Petroleum Job. Ass'n*, v. *F.P.C.*, a la pág. 925, supra.

(d) Como última consideración, en vista de que la paralización representa un dictamen en equidad, debe determinarse si ha de ocasionar perjuicio substancial a otras partes interesadas en los procedimientos. *Virginia Petroleum Job. Ass'n*, supra, a la citada pág. 925.

(e) Al adoptar las referidas condiciones para el ejercicio de la discreción judicial al determinar si se paraliza el efecto de una resolución administrativa, no se está violentando la disposición estatutaria. Véase, *Borges* v. *Registrador*, 91 D.P.R. 112 (1964).[5]

■ 2.—Apunta la interventora que este recurso es prematuro pues la cuestión que presenta está planteada ante el tribunal de instancia en una moción de reconsideración radicada por el peticionario.

Dijimos en *Autoridad Fuentes Fluviales* v. *Corte*, 65 D.P.R. 935, 937–938 (1946), que el que se solicite del tribunal de instancia que reconsidere la resolución que se interesa revisar por *certiorari* no es de por sí importante; que ". . . Lo que es importante es que se brinde a la corte inferior una oportunidad adecuada de resolver la cuestión que se desea plantear en el recurso de certiorari . . . . Si la corte ha tenido esa oportunidad huelga la moción de reconsideración. Si la corte no ha tenido esa oportunidad, y la moción de reconsideración no se la brinda, nada se gana con hacerla."

El récord demuestra que el planteamiento que hemos considerado se le hizo al tribunal de instancia en un memorándum del peticionario de 17 de marzo de 1971 de manera que dicho tribunal al dictar su resolución de 29 de junio de 1971 tuvo oportunidad adecuada para considerar el planteamiento en cuestión. De manera que no podemos considerar este recurso como prematuro.

3.—Apunta el peticionario que incidió el tribunal al ampararse en las decisiones de un pleito independiente en el cual están envueltas cuestiones de hecho y de derecho distintas.

■ En la resolución recurrida se reproducen unas órdenes dictadas en el caso Núm. 69-2844 que en síntesis autorizan a la interventora a continuar su gestión de negocios hasta que

---

[5] Véanse, además, Frankfurter, *Some Reflections on the Reading of Statutes*, 47 Colum. L. Rev. 527 (1957) ; Castán, *La Formulación Judicial del Derecho*, 2da. Ed. (1954).

se resolviera en definitiva dicho caso. Aparentemente el magistrado Serbiá, del tribunal de instancia, entendió que dichas órdenes le obligaban al determinar en este caso si se debía suspender o no la actuación administrativa de manera que la interventora pudiese continuar su actividad mercantil.

Se trata, sin embargo, de procedimientos distintos. El caso Núm. 69-2844 se refiere a una liquidación de la interventora por alegadas deficiencias económicas de ésta. ([6]) En el caso que nos ocupa se trata de distintas violaciones del Código de Seguros, no de dificultades económicas. ([7]) Específicamente el peticionario concluyó que la interventora no rindió los informes referentes al estado anual de su situación económica, no satisfizo el pago de una factura de gastos de investigación y examen de sus libros, y obligó a sus asegurados a recurrir a los tribunales para el pago de sus legítimas reclamaciones. Por lo tanto, los fundamentos que pudieron servir para permitir a la interventora continuar su gestión de negocios en el procedimiento de liquidación pueden no ser suficientes en este procedimiento en vista de los criterios que deben informar el ejercicio de la discreción judicial en estos casos y en vista de las diferencias entre el procedimiento aquí envuelto y el de liquidación.

El hecho de que la interventora haya estado haciendo negocios en virtud de una orden del Tribunal Superior en el procedimiento de liquidación referido y no en virtud de una licencia expedida por el Comisionado en modo alguno altera el análisis hecho. Una conclusión contraria privaría al Comi-

---

([6]) Así se desprende de la Transcripción de Evidencia de dicho caso, radicado por la interventora como Exhibit 14. Véase, además, Couch, *On Insurance*, 2d; vol. 2, sec. 22.51, a la pág. 735.

([7]) El Art. 2.030, inciso 3, del Código de Seguros (26 L.P.R.A. sec. 203), dispone que:

. "(3) El Comisionado podrá llevar a cabo las investigaciones e inspecciones que considere convenientes para determinar si una persona ha violado cualquier disposición de este título o para obtener información útil a la administración legal de cualquier de dichas disposiciones." Véanse Arts. 2.220–2.260 (26 L.P.R.A. secs. 222–226).

sionado de Seguros de la jurisdicción primaria que sobre tales actividades tiene.

En vista de lo expuesto, *se dejan sin efecto las resoluciones del tribunal de instancia emitidas en este caso en 3 de noviembre de 1970 y 29 de junio de 1971 y se devuelve el caso a dicho tribunal para que considere la moción de la interventora solicitando la prórroga de la suspensión del dictamen del peticionario de 15 de septiembre de 1970 en armonía con lo aquí previamente expuesto. En vista de las circunstancias del caso, la vista de la referida moción debe celebrarse, y la moción resolverse, con la mayor prontitud.*

El Juez Presidente, Señor Negrón Fernández, al igual que los Jueces Asociados, Señores Hernández Matos y Martín, no intervinieron.

