Rodríguez de Oronoz, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
El 10 de julio de 1995 la señora Eunice Reynes Silva acudió ante la Policía de Puerto Rico a querellarse contra el señor Rubén Martínez Torres. Alegó que el 6 de junio de 1995 mientras dejó a su hija de cinco años, I.F.R., al cuidado de su vecino, para ir de compras, el señor Martínez Torres cometió actos lascivos contra la niña. El Informe de Delito que redactara la Policía de Puerto Rico a raíz de la querella relata lo siguiente:

"Se querella la Sra. Eunice Reynes Silva de actos lascivos.

De la investigación realizada se desprende de que para la fecha del 6 de junio de 1995 durante horas de la tarde y mientras la aquí querellante dejó su hija de 5 años de edad al cuidado de su vecino en la calle Lino D-41, Urbanización Valencia, Bayamón, ésta (menor) le manifestó a su madre que el Sr. Rubén Martínez Torres, quien en estos momentos se encuentra desempleado y residente del mismo lugar la tocó y besó varias veces en su área genital." 

La agente Grace Maldonado Rosado de la Unidad de Delitos Sexuales de la Policía realizó la investigación. El 9 de agosto de 1995 se arrestó al señor Torres Martínez. Se le imputaron tres cargos por infracción al Artículo 105 del Código Penal (Actos Lascivos), un cargo por infracción al Artículo 106 del Código Penal (Exposiciones Deshonestas) y un cargo por infracción al Artículo 153 del Código Penal (Amenaza).
En el informe de arresto preparado por la Agente Maldonado Rosado se incluyen los siguientes datos:
"Se arrestó al Sr. Rubén Torres Martínez de 51 años de edad, porque entre los meses de junio a julio de 1995 y en la calle Lirio, Urb. Valencia en Bayamón, cometió los delitos de actos lascivos (3 casos); amenaza y exposiciones deshonestas, contra la menor l.F.R. de 6 años de edad; frente a la menor, la abrazaba y besaba en la boca apretando su cuerpo contra el de ella mientras la movía de arriba a abajo para rozar sus partes íntimas contra las de la perjudicada, la tocaba la vulva por *956 debajo de la ropa mientras la tenía sentada, en su falda y le introducía los dedos por la vulva y por el ano. Además la amenazaba con matar a sus papás si ella contaba lo que él le hacia". (Nombre completo de la niña omitido).
Luego de determinarse causa probable en la etapa del arresto, se celebró la vista preliminar el 19 de octubre de 1995. Como única prueba del Ministerio Público testificó la menor I.F.R. En la misma fecha el tribunal encontró causa probable contra el señor Torres Martínez por las cinco infracciones imputadas en las denuncias. El Ministerio Público presentó cinco pliegos acusatorios:

"El referido acusado, RUBEN TORRES MARTINEZ, allá en o para los meses comprendidos entre junio de 1994 y julio de 1995, en Bayamón, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala Superior de Bayamón, ilegal, voluntaria, maliciosa, a sabiendas, criminalmente y sin intentar consumar acceso carnal, cometió actos lascivos e impúdicos con el ser humano I.F.R., menor de 6 años de edad, consistente en que la abrazaba y besaba en la boca, apretando su cuerpo contra el de la menor mientras la movía de arriba hacía abajo para rozar sus partes íntimas con las de la perjudicada.

El referido acusado, RUBEN TORRES MARTINEZ, allá, en o para los meses comprendidos entre junio de 1994 y julio de 1995, en Bayamón, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala Superior de Bayamón, ilegal, voluntaria, maliciosa, a sabiendas, criminalmente y sin intentar consumar acceso carnal, cometió actos lascivos e impúdicos con el ser humano I.F.R., menor de 6 años de edad, consistente en que le introducía los dedos por la vulva y el ano de la menor.

El referido acusado, RUBEN TORRES MARTINEZ, allá, en o para los meses comprendidos entre junio de 1994 y julio de 1995, en Bayamón, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala Superior de Bayamón, ilegal, voluntaria, maliciosa, a sabiendas, criminalmente y sin intentar consumar acceso carnal, cometió actos lascivos e impúdicos con el ser humano I.F.R., menor de 6 años de edad, consistente en que le tocaba 'el chichilin' (la vulva) por debajo de la ropa mientras tenía sentada en su falda a la menor.

El referido acusado, RUBEN TORRES MARTINEZ, allá, en o para los meses comprendidos entre junio de 1994 y junio de 1995 y en Bayamón, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala Superior de Bayamón, Puerto Rico, ilegal, voluntaria, maliciosa y criminalmente, expuso sus partes pudendas o íntimas de su cuerpo frente a la menor I.F.R., de 6 años de edad, consistente en que voluntariamente exponía su órgano genital y se masturbaba, lo cual pudo ofender o molestar así a la perjudicada con tal exposición deshonesta.

El referido acusado, RUBEN TORRES MARTINEZ, allá, en o para el [sic] los meses comprendidos entre junio de 1994 y junio de 1995 y en Bayamón, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala Superior de Bayamón, Puerto Rico, ilegal, voluntaria, maliciosa y criminalmente, amenazó a la menor I.F.R., de 6 años de edad, con causarle un daño, consistente dicho daño en que le manifestaba a dicha menor que iba a matar a sus papás si ésta contaba lo que él le hacía, temiendo la aquí perjudicada por su seguridad personal y la de su familia y además teme que el aquí acusado cumpla con dichas amenazas."

El acto de lectura de acusación se celebró el 6 de noviembre de 1995. El 14 de noviembre siguiente el acusado presentó Moción de Desestimación al amparo de la Regla 64(p) de Procedimiento Criminal. Posteriormente, el 27 de noviembre presentó cuatro (4) mociones solicitando descubrimiento de prueba bajo la Regla 95 de Procedimiento Criminal. El 20 de diciembre de 1995, día señalado para el juicio en su fondo se discutieron las mociones del acusado, quedando sustancial mente denegadas. Inconforme, el acusado acudió ante este foro. Con el beneficio de la comparecencia del Procurador General pasamos a la discusión de las cuestiones planteadas.
I
En la moción solicitando pliego de especificaciones el acusado solicita que el Ministerio Público le provea los siguientes particulares:

*957
"a) Fecha, hora y lugar en que ocurrió la alegada amenaza.

b) Fecha, hora y lugar en que ocurrió la alegada exposición deshonesta.

c) Fecha, hora y lugar en que ocurrieron los alegados actos lascivos."

Argumenta el acusado que tal información es necesaria para poder prepararse adecuadamente y presentar las defensas de prescripción, coartada y doble exposición. Destaca que los cinco pliegos acusatorios no le informan adecuadamente de los hechos delictivos que se le imputan y que la descripción del lugar de los hechos —todo el Municipio de Bayamón— y las fechas de los actos —un período de catorce (14) meses— no contienen los detalles necesarios para poder enfrentar el juicio en su día.
No hay disposición específica, estatutaria o reglamentaria, que regule la concesión de un pliego de especificaciones. El Tribunal Supremo ha expresado que no se trata de un derecho absoluto y sí una facultad puramente discrecional del juez, señalando que procede cuando la justicia así lo requiere, esto es, cuando la información que se solicita es necesaria para que el acusado pueda defenderse adecuadamente en el proceso judicial a que el Estado lo somete. En un pliego de especificaciones , pueden solicitarse hechos o detalles que, aun cuando no cualifican como hechos esenciales constitutivos del delito, ayudan a clarificar la denuncia o acusación. Pueblo v. Canino Ortiz, _ D.P.R. _ (1993), 93 J.T.S. 157.
El acusado nos plantea que el Ministerio Público tiene la información requerida sobre el lugar y fecha en que ocurrieron los hechos imputados, pero que los niega como una táctica o estrategia en el caso. El acusado hace énfasis en la fecha del 6 de junio de 1995, ya que del Informe de Delito, dél Informe Arresto de la Policía y del Informe Médico de 10 de julio de 1995 surge esta fecha como la del día en que ocurrieron los alegados actos lascivos. Por otro lado, el acusado nos indica que el Ministerio Público conoce que los hechos alegados ocurrieron en la residencia de la menor. El Estado, por su parte nos plantea que el tribunal no abusó de su discreción al negar el pliego de especificaciones, dada las circunstancias particulares del caso. El Estado destaca, además, que los informes citados por el acusado "son informes preliminares y que una vez se profundiza en la investigación es que se tiene conocimiento de que el acusado había realizado diversos actos con la menor".
Al examinar los pliegos acusatorios percibimos que no le brindan al acusado elementos importantes para que éste pueda establecer su defensa. No estamos ante una solicitud de descubrimiento de prueba o de la teoría de caso para lo cual no procede la especificación de particulares. Aunque la fecha de los hechos delictivos y el lugar en que fueron cometidos no son elementos constitutivos de delito y por tanto no se trata de alegaciones esenciales, dicha información debe ser incorporada a las alegaciones para que el acusado pueda enfrentarse a los cargos el día del juicio sin indebida desventaja, especialmente si el Ministerio Fiscal tiene la información o es fácilmente obtenible. Como hemos visto el lugar y fecha de alguno de los hechos delictivos surge de los informes oficiales a que hemos hecho referencia. Si como señala el Procurador General, el Estado advino en conocimiento durante la investigación de que el acusado había realizado otros actos con la menor, es su deber informar de ello al acusado para que no se le viole al acusado su derecho constitucional a estar debidamente informado de los hechos delictivos que se le imputan. Erró, por lo tanto, el tribunal de instancia al negarse a ordenar una especificación de particulares sobre la fecha y lugar en que ocurrieron los alegados hechos.
Por las particularidades de este caso, donde se alega abuso sexual a una menor perjudicada de tierna edad, no se requerirá la precisión matemática del día y lugar exacto en que alegadamente ocurrió cada hecho imputado. Pero sí será necesario que el Estado brinde aquella información fácilmente obtenible que le permita al acusado preparar una defensa adecuada.
Por otro lado, el acusado solicitó la desestimación de la acusación por el delito de actos lascivos consistente en que le introducía los dedos por la vulva y el ano de la menor (DHO-95-G-0075) argumentando que en la vista preliminar hubo ausencia total de prueba de la comisión de estos hechos delictivos. Aduce el acusado que la menor en su testimonio jamás declaró sobre estos hechos. No *958 tiene razón. El relato que hace el propio acusado sobre el testimonio de la menor en vista preliminar señala que ésta identificó al acusado y dijo que él le levantaba la falda y la tocaba en los genitales y en las nalgas. Con ello se cumplió con el requisito establecido por ley y la jurisprudencia. "Solo en ausencia total de prueba sobre la probabilidad de que están presentes y probados uno, varios o todos los elementos del delito imputado o la conexión del imputado con tal delito, procede decretar la desestimación de la acusación presentada contra el solicitante". Pueblo v. Rivera Alicea, 125 D.P.R. 108 (1989).
El acusado solicitó inspeccionar el expediente en poder del Departamento de Servicios Sociales (Departamento) sobre la familia Flores Reynes a la cual pertenece la menor I.F.R., perjudicada y testigo principal del Ministerio Público. Atendiendo esta petición del acusado, el tribunal ordenó que el expediente le fuera traído por un funcionario del Departamento. Luego de examinarlo él solo en cámara, el juez procedió a resumirle su contenido a las partes, ofreciéndoles la siguiente información: primero, que para el año 1992 la familia Flores-Reynes había sido investigada por el Departamento, pero que esta investigación no estaba relacionada con maltrato de naturaleza sexual; segundo, que el 2 de marzo de 1995 ocurrió una segunda intervención de emergencia relacionada con maltrato de naturaleza sexual de parte del señor Ricardo Flores Calderón, padre de la menor I.F.R.; y tercero, que el 3 de agosto de 1995 ocurrió otra intervención relacionada con maltrato de naturaleza sexual de parte del señor Ricardo Flores Calderón. En las intervenciones relacionadas con maltrato de naturaleza sexual se cerró la investigación por falta de evidencia. Posteriormente el tribunal denegó la solicitud del acusado de acceso al expediente de Servicios Sociales.
El acusado argumenta que procede el descubrimiento de prueba del expediente en poder del Departamento para poder establecer que al momento en que se presentaron las querellas contra él, el propio padre de la menor perjudicada —y quien es testigo de cargo contra él— estaba siendo investigado por alegado abuso sexual de una de sus hijas menor edad. Además, aduce el acusado, el acceso al expediente le permitiría demostrar que para el período en que alegadamente ocurrieron los hechos que se le imputan, la familia Flores Reynes fue investigada y no se encontró evidencia de abuso sexual contra la perjudicada I.F.R.
Al examinar el planteamiento del acusado debemos recordar que en nuestra jurisdicción no hay derecho de acceso al sumario fiscal y el acusado no tiene derecho a una expedición de pesca en los archivos del fiscal. Santiago v. Bobb y El Mundo Inc., 117 D.P.R. 153 (1986); Pueblo v. Rodríguez Aponte, 116 D.P.R. 653 (1985); Pueblo v. Romero Rodríguez, 112 D.P.R. 437 (1982); Pueblo v. Rodríguez Sánchez, 109 D.P.R. 243 (1979). Esta doctrina rige aun cuando la defensa solicita evidencia exculpatoria. El Ministerio Fiscal no tiene que poner todos sus archivos a disposición de la defensa. Pueblo v. Rodríguez Sánchez, supra; Pueblo v. Romero Rodríguez, supra. No obstante, se puede obtener descubrimiento de la prueba en manos del Estado si el acusado demuestra una base sustancial de la existencia de la prueba y de su materialidad para la defensa. Pueblo v. Romero Rodríguez, supra; Pueblo v. Rodríguez Sánchez, supra.
En cuanto al acceso de un acusado a los archivos confidenciales del Estado en busca de información exculpatoria se ha resuelto que un acusado no tiene derecho a revisar tales expedientes o archivos en un esfuerzo por localizar información que pueda ser beneficiosa para su defensa. A lo que tiene derecho el acusado es a que el tribunal examine el archivo correspondiente para determinar si contiene información relevante o material a su defensa. Es por ello que la inspección en cámara por el juez es suficiente, sin perjuicio de que la defensa solicite información específica contenida en el archivo o expediente. Pennsylvania v. Ritchie, 107 S. Ct. 989 (1987).
No tenemos información alguna sobre el contenido del expediente de la familia Flores Reynes. Ahora bien, de contener dicho archivo investigaciones de abuso sexual de las menores de parte de su padre Ricardo Flores Calderón, el acusado puede invocar el derecho a descubrir dicha prueba.
De lo anterior, resolvemos que en el caso que nos ocupa, el acusado tiene derecho a descubrimiento de prueba sobre información específica que aparezca en el expediente de Servicios Sociales relacionada con las investigaciones de abuso sexual de las menores de parte de su padre Ricardo Flores Calderón, quien a su vez es testigo de cargo contra él. La materialidad de la información para la defensa es evidente. Al pasar juicio sobre el expediente, el juez de instancia debe *959 lograr un balance apropiado entre el interés del Estado de mantener la confidencialidad de los expedientes y el interés del acusado en tener acceso a evidencia favorable.
Por último el acusado solicitó se le entregaran las declaraciones juradas de los testigos, el récord de convicciones de Ricardo Flores Calderón, las notas tomadas por los agentes de la Policía de Puerto Rico y por los fiscales y cualquier admisión o confesión del acusado.
En cuanto a estas peticiones el Ministerio Fiscal expresó que no se habían entregado las declaraciones juradas porque no se había tomado ninguna, ni se entregó escrito sobre admisiones o confesiones del acusado porque no existía. Adujo, además, que no había entregado el récord de convicción de Ricardo Flores Calderón porque no había sido localizado. Está claro que no se puede ordenar la entrega de lo que no existe. Pero el juez deberá estar atento a que cualquier declaración jurada que surja en el caso se le entregue al acusado, luego que el testigo declare. Asimismo el récord de convicciones de Ricardo Flores Calderón deberá ser gestionado para su entrega al acusado.
En cuanto a las "notas" de la Policía y los Fiscales, el Ministerio Público informa que estos señalamientos no fueron resueltos en instancia. Por ello invocamos la norma de que no procede que un foro apelativo revise cuestiones que no tuvo ante sí el tribunal al que se revisa, Comisionado de Seguros v. Tribunal Superior, 100 D.P.R. 546 (1972); Pueblo v. Tribunal de Distrito y Colón Inc., 74 D.P.R. 838 (1953); A.F.F. v. Corte, 65 D.P.R. 935 (1946); A.F.F. v. Corte, 65 D.P.R. 480 (1945); Giménez v. Corte, 56 D.P.R. 236 (1940).
II
Por lo antes expuesto se expide el auto y se devuelve el caso al tribunal de instancia para la continuación de los procedimientos de conformidad con lo aquí expresado.
Así lo pronunció el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 98 DTA 62
1. Véase Informe de Querella de la Policía de Puerto Rico, Apéndice, págs. 1-2.
2. Véase Informe de Arresto de la Policía de Puerto Rico, Apéndice, págs. 3-4.
3. Véase Apéndice, págs. 35-48.
4. Del informe médico surge que "se entrevistó a la madre de la menor de los hechos reportados para el día 6 de junio de 1995".